Rockingham,
No. 5795.

### JARIB M. SANDERSON, SR.

*v.*

### HAZEL G. BALFOUR.

Argued September 5, 1968.
Decided October 31, 1968.

*Scammon, Gage & Whitman* ( *Mr. Robert G. Whitman* orally ), for the plaintiff.

*Burns, Bryant, Hinchey & Nadeau* ( *Mr. Joseph P. Nadeau* orally ), for the defendant.

GRIFFITH, J. Jarib M. Sanderson, Sr. brought this action to recover damages from Hazel G. Balfour for personal injuries sustained in an automobile accident which occurred on December 23, 1963.

Sanderson was operating a tractor which collided with a car owned by Raymond Balfour parked on the highway. The Balfour car had been parked on the highway by Hazel Balfour bailee of her husband Raymond's car.

Raymond Balfour had previously brought suit against Sanderson for property damage to his car arising out of this accident. Sanderson at that time brought a cross action for personal injuries sustained in the accident. These cases were tried before a master, who returned a verdict for the defendant in the case of Sanderson as plaintiff and gave a verdict for the plaintiff in the action against Sanderson. The master specifically found that Sanderson was negligent and that his negligence was the proximate cause of the accident. These cases went to judgment the first Tuesday of November 1966 and the present action was commenced June 23, 1967.

The defendant Hazel Balfour filed a motion to dismiss setting forth in detail the foregoing record and asserting that the present action was barred by res judicata or collateral estoppel. The motion to dismiss was denied by the Trial Court (*Leahy*, C. J.) who reserved and transferred the defendant's exception.

The defendant argues that the plaintiff is barred by res judicata and that he is estopped from maintaining the present action because the plaintiff's negligence was determined adversely to him in the prior litigation.

If the determination of the issue of the plaintiff's negligence in the prior action is binding upon him in this action then he may not recover and the motion to dismiss should have been granted. The objection to the granting of the motion lies in the accepted rule that res judicata may be asserted only by a person who was either a party or in privity with a party to the prior action. This in turn is based upon the doctrine of mutuality of estoppel; that is, that a party should not be able to plead res judicata of an issue unless the other party could have pleaded it against him had the prior verdict been the other way. Restatement, Judgments, *s.* 93, *comment* d, *ill.* 7; 50 C.J.S., Judgments, *s.* 765.

While the precise question raised in this case has not been

previously ruled on by this court, the Trial Court's ruling was in accord with long acceptance of the necessity of mutuality in our cases. *Lord* v. *Locke,* 62 N. H. 566; *Parker* v. *Moore,* 59 N. H. 454. The ancient and honorable lineage of the doctrine of mutuality of estoppel should not however prevent its re-examination.

Enforcement of the rule of mutuality has always been extended to parties in privity with the original party. Restatement, Judgments, *s.* 83; *Hubley* v. *Goodwin,* 91 N. H. 200. Gradually exceptions have grown up where there was no privity which would entitle the person asserting the defense to its benefits, *i.e.,* employer-employee relationship. *McNamara* v. *Chapman,* 81 N. H. 169; *Thirty Pines, Inc.* v. *Bersaw,* 92 N. II. 69.

Criticism of the doctrine of mutuality has not been lacking. Over a century ago Jeremy Bentham condemned it and suggested that it owed more for its acceptance to the gaming table than reason. 7 Bentham's Works (Bowring's *ed.* 1843) 171. While it was still universally accepted it was criticized in Comment, 35 Yale L. J. 607 (1925); Note: 29 Ill. L. Rev. 93 (1934); Note, 12 Corn. L. Q. 92 (1926); Note, 18 N.Y.U.L. Rev. 565 (1941).

In 1942 Justice *Traynor* in the case of *Bernhard* v. *Bank of America,* 19 Cal. 2d 807, denied the validity of the mutuality rule. The *Bernhard* case barred a plaintiff who had lost on an issue from relitigating that issue against a party not in privity with the original defendant. Pointing out that in effect the requirement of mutuality had already been abandoned silently in such cases as *Good Health Dairy Products* v. *Emery,* 275 N.Y. 14; and *Coca-Cola Co.* v. *Pepsi-Cola Co.,* 36 Del. 124, Justice *Traynor* stated that the ground for these and other non-privity exceptions was that it was unjust to permit one who has had his day in court to retry identical issues by merely switching adversaries.

The *Bernhard* case laid down the following test to determine whether the plaintiff was barred: "Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?" *Bernhard* v. *Bank of America, supra,* 813.

The *Bernhard* decision initially caused hardly a ripple in the

sea of mutuality. In the quarter of a century that has passed since *Bernhard* its acceptance has been limited, but some commentators and courts have now embraced its reasoning. Currie, Civil Procedure: The Tempest Brews, 53 Cal. L. Rev. 25 ( 1965 ); *People* v. *Ohio Cas. Ins. Co.,* 232 F. 2d 474 (10th Cir. 1956); *DePolo* v. *Greig,* 338 Mich. 703; *Civoru* v. *National Broadcasting Co.,* 261 F. 2d 716 ( 2d Cir. 1958 ); *Crosland-Cullen Co.* v. *Crosland,* 249 N. C. 167; *Chidester* v. *Cagwin,* 76 Ill. App. 2d 477. ( See cases collected Comment, Mutuality of Collateral Estoppel, 63 Nw. U. L. Rev. 209 (1968)).

The absence of mutuality may not be used to permit the plaintiff in this case to maintain his action. The decisions in this state, in the final analysis, have always turned on whether there had been a full and fair opportunity to the party estopped to litigate the issue barring him and where there had not been he was afforded relief even though the parties were the same. *Perry* v. *Faulkner,* 98 N. H. 474. Where the issues were not the same the fact that the parties were the same has been considered immaterial. *Lovejoy* v. *Ashworth,* 94 N. H. 8; *Laconia Nat. Bank* v. *Lavallee,* 96 N. H. 353; *Ainsworth* v. *Claremont,* 108 N. H. 55.

The plaintiff here had a full and fair opportunity to litigate the issue; he did litigate it and lost; public policy and reason both dictate that he be bound by that loss.

*Defendant's exception sustained.*

GRIMES, J., did not sit; the others concurred.