Rockingham,
No. 5879.

VIRGINIA M. BROMFIELD

*v.*

SEYBOLT MOTORS, INC.

Argued February 5, 1969.

Decided July 30, 1969.

*Shaines, Madrigan & McEachern* (*Mr. Duncan A. McEachern,* of Maine, orally), for the plaintiff.

*Devine, Millimet, McDonough, Stahl & Branch* (*Mr. Shane Devine* orally), for the defendant.

KENISON, C.J.   The principal question in this case is whether the plaintiff has a cause of action for loss of consortium as the result of injuries received by her husband on September 20, 1966 allegedly caused by the defendant's negligence. The action was commenced by a writ dated July 11, 1968 which was returnable in the Superior Court of Rockingham county on the first Tuesday of August 1968. The Trial Court (*Morris, J.*) dismissed the action on the defendant's motion, primarily on the ground that the statute allowing an action for loss of consortium was not retroactive, having been approved June 22, 1967 and effective on August 21, 1967. The statute, Laws 1967, 218:1 appears as RSA 507:8-a and reads as follows: "507:8-a Loss of consortium. In a proper action, either a wife or husband is entitled to recover damages for loss or impairment of right of consortium whether caused intentionally or by negligent interference." Prior to this statute this jurisdiction had denied a wife a cause of action

for loss of consortium in *Snodgrass* v. *Cherry-Burrell Co.,* 103 N. H. 56 (1960).

If the statute (RSA 507:8-a) creating a new cause of action for the wife for loss of consortium resulting from negligent or intentional injury to the husband is to avail the plaintiff it must be applied to accidents occurring before the effective date of the statute. An examination of the legislative history of the statute discloses no intent to apply it retroactively. The statute did not give the wife merely a new remedy to an existing right but gave her a new cause of action previously denied. See *Pepin* v. *Beaulieu,* 102 N. H. 84. The policy in this state against the application of statutes retroactively as expressed in Article 23d of the New Hampshire Bill of Rights precludes the application of the statute to this case. N. H. Const. Part I, *Art.* 23d; *Murphy* v. *Railroad,* 77 N. H. 573, 575. See *Opinion of the Justices,* 101 N. H. 515, 517. The Trial Court correctly dismissed the plaintiff's case under the statute.

We are urged to overrule *Snodgrass* v. *Cherry-Burrell Co.,* 103 N. H. 56 as an alternative to applying the statute retroactively. No less than 19 jurisdictions now allow a wife to recover for loss of consortium and the trend is definitely in that direction. *Millington* v. *Southeastern Elevator Company,* 22 N. Y. 2d 498 (1968); 44 Notre Dame Lawyer 264 (1968); Prosser, Torts 917 (3d *ed.* 1964); Comment, Recent Developments, 13 Vill. L. Rev. 418 (1968). The recent action of the American Law Institute in reversing the position of the old Restatement of Torts *s.* 695, which disallowed the action, will accentuate the trend in the future. Restatement of the Law (Second) Torts (Tent. Draft No. 14 (1969)) *pp.* 13-21; 37 L. W. 2660 (May 27, 1969). For better or worse, litigants, their counsel and insurers have relied on *Snodgrass, supra,* as the law of the jurisdiction prior to the effective date of the new statute, August 21, 1967 in the trial and settlement of tort litigation. To overrule *Snodgrass* and apply it to this case is an indirect method of applying the new statute retroactively which we decline to do.

The plaintiff contends that the denial of a cause of action to the wife for loss of consortium is a denial of the equal protection of the laws. We recognize the claim is not frivolous. Cf. *Levy* v. *Louisiana,* 391 U. S. 68. See Comment, Equal Protection: The Wife's Action For Loss of Consortium, 54 Iowa L. Rev. 510 (1968). However, in the present state of the law we are

not prepared to say that the contention reaches constitutional dimensions that are forbidden. *Miskunas* v. *Union Carbide Corporation,* 399 F. 2d 847 (7th Cir. 1968); *Krohn* v. *Richardson-Merrell Co.,* 406 S. W. 2d 166 (Tenn. 1966); see *Goesaert* v. *Cleary,* 335 U. S. 464.

The plaintiff's exceptions are overruled and the order is

*Judgment for the defendant.*

LAMPRON, J., did not sit; the others concurred.