**Oscar H. BROWN, Plaintiff, Appellant,**

**v.**

**R. D. WERNER CO., Inc., Defendant, Appellee.**

**No. 7531.**

United States Court of Appeals, First Circuit.

June 16, 1970.

Paul R. Cox, Dover, N.H., with whom John T. Barrett, III, and Burns, Bryant & Hinchey, Dover, N.H., were on the brief, for appellant.

John R. Falby, Jr., Manchester, N.H., with whom Dort S. Bigg and Wiggin, Nourie, Sundeen, Pingree & Bigg, Manchester, N.H., were on the brief, for appellee.

Before ALDRICH, Chief Judge, Mc-ENTEE and COFFIN, Circuit Judges.

## PER CURIAM.

This is a products liability suit brought against the manufacturer of a ladder from which plaintiff fell, sustaining serious injuries. The action is based on two theories: strict liability and negligent design, manufacture, testing and inspection of the ladder. Plaintiff appeals from the granting of summary judgment for the defendant.

The sole issue in this case is whether the plaintiff is collaterally estopped to raise the issues presented in this action by a general jury verdict for the defendant in a prior state court action brought against the retailer of the ladder. Two questions are involved. First, were facts and issues essential to plaintiff's cause of action here actually litigated and decided adversely to him in the previous action? Second, may this defendant, not a party to the prior proceeding, avail himself of the benefits of that judgment?

■ We think it clear that plaintiff is collaterally estopped if defendant may avail itself of the prior judgment. The state court suit was brought against Montgomery Ward Company, the seller of the ladder. The court instructed the jury that the defendant placed its own label on the ladder and by so doing made itself "subject to the same liability as though he were the manufacturer."[1] The identical issues raised here—negligent design, manufacture, testing or inspection of the ladder and strict liability for a dangerous article—were litigated and submitted to the jury in the state

court.[2] The jury returned a general verdict for the defendant.

The verdict is sufficient to raise an estoppel on both issues. As long as each "of the possible grounds for the former decision is legally sufficient to bring him the result he wants", a party seeking the benefit of collateral estoppel is entitled to it dispite a general verdict. F. James, Civil Procedure § 11.20, at 580 (1965).

As to strict liability, there is no ambiguity. The verdict necessarily comprehends a finding that at least one of the elements under Restatement (Second) Torts § 402A (1965), in accordance with which the court instructed, was lacking. It matters not which element was missing, as the absence of any would be determinative of that count here.

The situation is a bit more complex, but not materially different, on the issue of negligence. If the jury found no contributory negligence, it must have concluded that the defendant was not negligent to reach its verdict. On the other hand, it may have found that plaintiff was guilty of contributory negligence, in which case defendant's negligence *vel non* is immaterial. In either event, the finding is determinative of plaintiff's negligence count here. James, *supra*.

■ As the elements of collateral estoppel are made out, we pass to the question whether defendant may avail itself thereof. We think the result is governed by the recent case of Sanderson v. Balfour, 109 N.H. 213, 247 A.2d 185 (1968). There the Supreme Court of New Hampshire flatly rejected the doctrine of mutuality of estoppel, adopting Justice Traynor's test in Bernhard v. Bank of America National Trust & Sav-

---

1. The propriety of the court thus determining what may arguably have been a disputed issue of fact is not material here. We are concerned solely with what issues were determined by the state court jury. Although it may have acted under incorrect instructions, it is clear that the jury was instructed to treat the retailer and the manufacturer as one and the same. We must assume that it did so.

2. Theories of recovery not present here were also submitted. All, however, were alternative grounds of recovery and the jury found against the plaintiff on each. They do not, therefore, provide alternate bases of the decision and do not obfuscate the question whether the jury actually decided the negligence and strict liability issues.

ings Association, 19 Cal.2d 807, 122 P.2d 892 (1942): "Was the party *against* whom the plea is asserted a party or in privity with a party to the prior adjudication?" 19 Cal.2d at 813, 122 P.2d at 895 (emphasis supplied). We think it clear, therefore, that New Hampshire law permits one to make a defensive use of a prior judgment against the former plaintiff, as the plaintiff has had "a full and fair opportunity to litigate the issue * * * [and] public policy and reason both dictate that he be bound by [the former] loss." *Sanderson, supra,* 247 A.2d at 187.[3]

Affirmed.

---

3. Plaintiff's attempt to distinguish *Sanderson* on the ground that there was a special finding in the first action there fails. As we have stated, each of the possible bases of the jury's verdict is sufficient to estop the plaintiff. It is therefore immaterial that we are ignorant of the precise *ratio decidendi.*