Rockingham,
No. 5894.

BARBARA L. LEVENTHAL

*v.*

MELVILLE SHOE CORP. & *a.*

July 20, 1970.

*Shaines, Madrigan & McEachern* ( *Mr. Duncan A. McEachern* orally ), for the plaintiff.

*Calderwood, Silverman & Ouellette* and *Laurence E. Kelly* ( *Mr. Kelly* orally ), for the defendants.

KENISON, C.J. This case again presents the question whether a wife has a common-law cause of action for loss of consortium as a result of fatal injuries received by her husband in 1966 allegedly caused by the defendants' negligence. The statutory right to recover for loss of consortium did not become effective until August 21, 1967. RSA 507:8-a; Laws 1967, 218:1. The plaintiff's husband was a passenger in an automobile operated by the defendant's employee on December 5, 1966 when he received severe injuries from which he died approximately forty-five minutes later. The defendants' motion to dismiss was granted by *Morris,* J. and the plaintiff's exception thereto was reserved and transferred to this court.

The ruling that the wife does not have a cause of action for loss of her husband's consortium in *Snodgrass* v. *Cherry-Burrell Corp.,* 103 N.H. 56, 164 A.2d 579 was re-examined in *Bromfield* v. *Seybolt Motors, Inc.,* 109 N.H. 501, 256 A.2d 151. In the latter case we noted that the trend of the law now and in the future was to allow such a cause of action. Restatement, Second,

Torts 13-21 (Tent. Draft No. 14, 1969); 37 U.S.L.W. 2660 (May 27, 1969). However we held that the statutory right of action for loss of consortium was not intended to be applied retroactively and we deemed it to be the legislative intent that it should not be, directly or indirectly. Consequently we decline to change the rule in this jurisdiction prior to the effective date of the statute.

Plaintiff makes a strong argument that the denial of a cause of action to the wife for loss of consortium is a denial of equal protection of the laws. What was said in *Bromfield* v. *Seybolt Motors, Inc. supra,* in 1969, is still true today. "We recognize the claim is not frivolous. *Cf. Levy* v. *Louisiana,* 391 U.S. 68, 88 S. Ct. 1509, 20 L. Ed. 2d 436. *See* Comment, Equal Protection: The Wife's Action for Loss of Consortium, 54 Iowa L. Rev. 510 (1968). However, in the present state of the law we are not prepared to say that the contention reaches constitutional dimensions that are forbidden. *Miskunas* v. *Union Carbide Corporation,* 399 F.2d 847 (7th Cir. 1968); *Krohn* v. *Richardson-Merrell Co.,* 219 Tenn. 37, 406 S.W.2d 166 (1966); see *Goesaert* v. *Cleary,* 335 U.S. 464, 69 S. Ct. 198, 93 L. Ed. 163." So far as the equal protection argument is concerned the law is substantially the same now as it was when *Bromfield* was decided. *Miskunas* v. *Union Carbide Corporation,* 399 F.2d 847 (7th Cir. 1968); *see* Note, Loss of Consortium-Equal Protection, 44 Ind. L.J. 293 (1969). *Cf.* Clark, Negligent Impairment of Consortium, 3 Family L.Q. 197, 202-11. The defendants' motion to dismiss was properly granted by the trial court. The order is

*Plaintiff's exception overruled.*

LAMPRON, J., did not sit; the others concurred.