Rockingham,
No. 6229.

RITA ARCHIE *v.* HAMPTON.

January 31, 1972.

14

*Sulloway, Hollis, Godfrey & Soden* and *Lawrence E. Spellman* ( *Mr. Spellman* orally ) for the plaintiff.

*Burns, Bryant, Hinchey, Cox & Shea* and *John T. Barrett III* ( *Mr. Barrett* orally ) for the defendant.

LAMPRON, J. The issues to be decided on this appeal are: (1) whether the widow of an employee fatally injured in the course of his employment can maintain an action against his employer under RSA 507:8-a for loss of consortium after she has received compensation for her husband's death under the provisions of RSA 281:22 (supp.) of the Workmen's Compensation Law; and (2) if such an action can be maintained, whether her damages are restricted to her loss of consortium from the time of her husband's injury to that of his death.

Plaintiff's husband was injured on February 25, 1969, while employed by the defendant when he was run over by a snow plow which it is alleged was negligently operated by another employee of the defendant. He died on the same day. Plaintiff, as his widow, received $12,000 in compensation for his death under the provisions of RSA 281:22 (supp.). Thereafter she brought the present action to recover for her loss of consortium. Defendant's motion to dismiss as amended which raised the issues hereinabove stated was denied by *Batchelder, J.* who reserved and transferred defendant's exception thereto.

RSA 507:8-a enacted effective August 21, 1967 (Laws 1967, 218:1) reads as follows: "Loss of Consortium. In a proper action, either a wife or husband is entitled to recover damages for loss or impairment of right of consortium whether caused intentionally or by negligent interference."

In *Bromfield* v. *Seybolt Motors,* 109 N.H. 501, 502, 256 A.2d 151, 152 (1969), this court held that "[t]he statute did not give the wife merely a new remedy to an existing right but gave her a new cause of action previously denied." This new cause of action "is a separate and distinct right from that of her husband to recover for her separate and distinct loss of consortium which results to her from the negligent injury to her husband." *LaBonte* v. *National Gypsum Co.,* 110 N.H. 314, 319, 269 A.2d 634, 638 (1970).

It was further held in the *LaBonte* case ( *supra* ) that the fact the injury to the husband was compensable under the Workmen's Compensation Law (RSA ch. 281) and barred him from maintaining any common-law action did not bar the wife's statutory right of action (RSA 507:8-a) for the loss of consortium which her husband's injury caused her. *Id.* 319. The reason for that holding was that the waiver of rights of action at common law imposed by RSA 281:12 (supp.) by its specific language applies to "his", that is, the employee's, rights of action and not to the wife's separate right of action for her loss of consortium. *Id.* 319; 2 Larson, Workmen's Compensation Law *s.* 66.10 (1970).

Defendant seeks to distinguish the present case on the basis that in the *LaBonte* case, which did not involve a fatal injury, the wife had no remedy of her own under the compensation law while in the instant case RSA 281:22 (supp.) gives the wife a separate and distinct right to compensation for the loss which she sustained by the death of her husband who was a source of support to her. *Brown* v. *Hubert,* 100 N.H. 194, 122 A.2d 260 (1956). Defendant argues that since the compensation law extends an identical substantive right to recovery to an injured employee and to a dependent widow of a fatally injured employee "it would therefore appear indisputable that the Legislature logically and fairly intended the Workmen's Compensation Law to be the exclusive remedy against the employer in both cases."

It is a well recognized fact, however, that in compensation, unlike tort, the only injuries compensated for are those which produce disability which presumably affects earning power. *Gagne* v. *Company,* 87 N.H. 163, 166, 175 A. 818, 819 (1934); *Robbins* v. *Perini Corporation,* 107 N.H. 290, 292, 220 A.2d

737, 739 (1966). No damages are awarded for disfigurement as such, or for pain and suffering, or, in the case of a dependent widow, for her loss of consortium. 1 Larson, Workmen's Compensation Law s. 2.40 (1968). The benefits awarded her by RSA 281:22 (supp.) are designed to provide her, for a limited time, with a limited amount of support for which she would have looked to the earning power of her husband but for his death. *Diamond* v. *Employers' & c. Company,* 97 N.H. 510, 512, 92 A.2d 925, 926 (1952). These benefits are not intended to compensate the widow for her total loss. *Stacy* v. *Company,* 83 N.H. 281, 141 A. 467 (1928); *Gagne* v. *Greenhouses,* 99 N.H. 292, 109 A.2d 840 (1954).

For this limited amount of compensation provided to the employee and his dependents solely because of his relationship to the job and without need of proving fault of the employer, our compensation law conclusively presumes that the employee has waived "his" rights of action at common law. RSA 281:12 (supp.); *Carbonneau* v. *Company,* 96 N.H. 240, 73 A.2d 802 (1950). Our law could have provided, as do the statutes of many States, that common-law actions by a spouse, parents, dependents and next-of-kin, are also excluded when the employee receives a compensable injury. 2 Larson, Workmen's Compensation Law s. 66.10 (1970). Our law does not so provide, either expressly or by fair implication. *See Latour* v. *Producers Dairy,* 102 N.H. 5, 8, 148 A.2d 655, 658 (1959); Laws 1971, 539:5; *Bromfield* v. *Seybolt Motors,* 109 N.H. 501, 502, 256 A.2d 151, 152 (1969).

We hold that the plaintiff, not being an employee under RSA ch. 281, is not barred by her receipt of benefits thereunder from maintaining an action under RSA 507:8-a for loss of consortium if her husband's death was caused by the negligence of his employer. *Labonte* v. *National Gypsum Co.,* 110 N.H. 314, 269 A.2d 634 (1970); *Smith* v. *Am. Employers' Ins. Co.,* 102 N.H. 530, 163 A.2d 564 (1960). Nor is there need to direct the plaintiff to return the $12,000 compensation she received as this was for the loss of support she would have received from her husband (RSA 281:2(VII) (supp.)) and not to compensate her for her loss of "comfort, companionship and commitment to the needs of each other" which constitute consortium. *Labonte* v. *National Gypsum Co. supra; Guevin* v. *Railway,* 78 N.H. 289, 99 A. 298 (1916).

We consider next the issue of whether plaintiff's damages are to be restricted to her loss of consortium from the time of her husband's injury to that of his death. We agree with plaintiff's contention that the limitations as to the type and amount of damages to be recovered under our Wrongful Death Statute (RSA 556:12-14; Laws 1971, ch. 490) are not controlling. Such damages are for the injury to the person and estate of the deceased and are to be distributed to certain specified beneficiaries. *Carney* v. *Railway,* 72 N.H. 364, 376, 57 A. 218, 224 (1903); *Guevin* v. *Railway supra; Burke* v. *Burnham,* 97 N.H. 203, 208, 84 A.2d 918, 923 (1951). They are essentially different from the damages to be recovered, by a wife only, in her own action under RSA 507:8-a for her separate and distinct loss of consortium resulting from the injury or death of her husband.

However, it is well settled that at common law where the husband alone had a right of action for loss of consortium his damages for injury to his wife which resulted in her death stopped at the time of her decease. *Shaweker* v. *Spinell,* 125 Ohio St. 423, 181 N.E. 896 (1932); *Walden* v. *Coleman,* 105 Ga. App. 242, 124 S.E.2d 313 (1962); 41 Am. Jur. 2d Husband and Wife *s.* 454 (1968); 41 C.J.S. Husband and Wife *s.* 401 (5) (1944); 20 Clev. St. L. Rev. 315, 320 (1971). We find nothing in the legislative history or the terms of RSA 507:8-a which would lead to the conclusion that the legislature intended the right granted to the wife to be different from that formerly held by the husband alone. On the contrary we are led to conclude that the legislature did intend that they be the same as evidenced by the title of Senate bill 136 (1967) and of Laws 1967, ch. 218 (now RSA 507:8-a) which read: "An Act Relative To A Wife's Right To Recover For Loss Of Consortium To The Same Extent That A Husband May Do So."

We hold, therefore, that the damages to be recovered by the plaintiff are to be restricted to her loss of consortium from the time of her husband's injury to his death.

*Defendant's exception overruled in part and sustained in part; remanded.*

All concurred.