Strafford
No. 78-282

SHARON E. REID

v.

SPADONE MACHINE COMPANY

March 30, 1979

*Burns, Bryant, Hinchey, Cox & Shea,* of Dover (*Jody A. Handy* orally), for the plaintiff.

*Calderwood, Ouellette & Hallisey,* of Dover (*William L. Tanguay* orally), for the defendant.

PER CURIAM. The issue in this action for loss of consortium is whether the wife's action is barred because her husband's action has been terminated by a judgment against the same defendant. We hold that the claim is not barred.

Plaintiff's husband was injured on November 15, 1974, while using a machine manufactured by the defendant in the course of his employment by Davidson Rubber Company. He brought suit against the defendant and a trial resulted in a verdict in his favor in the amount of $150,000. After the entry of judgment in that case, plaintiff brought this action for loss of consortium. Defendant filed a "special plea and brief statement" claiming that the action was barred by res judicata and collateral estoppel. Plaintiff's objection to the plea was sustained and defendant's exception was transferred by *Cann,* J.

■■ A wife's cause of action for loss of consortium is created by statute as a separate and distinct claim and is not derivative from the claim of the husband. RSA 507:8-a. The plaintiff is a separate and distinct party from her husband and she was not a party to his action. Therefore, neither res judicata nor collateral estoppel against her result from that judgment. *Parklane Hosiery Co. v. Shore,* 99 S. Ct. 645 (1979).

■■ Defendant argues that the plaintiff should not be allowed to bring this action after waiting until the conclusion of her husband's

suit. We agree that plaintiff should have brought her action so as to have it joined with that of her husband. Plaintiff's brief states that defendant would not agree to such a joinder. Joinder, however, does not depend upon consent of the parties. The fact that, for the purpose of judicial administration, plaintiff's action should have been joined with that of her husband does not however justify a dismissal of her action. It may be that consideration will be given by the superior court to a mandatory joinder rule in cases such as this; but none presently exists to bar plaintiff's action.

*Exception overruled.*