Strafford
No. 79-224

ERNEST CUTTER, JR.

v.

TOWN OF DURHAM

February 14, 1980

*Fisher, Parsons & Moran,* of Dover (*Stephen A. White* orally), for the plaintiff.

*Taylor & Gray,* of Portsmouth (*Douglas R. Gray* orally), for the defendant.

GRIMES, C.J. The question in this case is whether the town of Durham is collaterally estopped from litigating the issue of its authority, under RSA 36:19-a, to require site plan approval before the plaintiff changes the internal use of his property from one permitted use to another. We hold that the town is estopped.

The facts of this case are undisputed. The plaintiff owns property located on Main Street in the town of Durham, in a zone classified for business. The property has been utilized for permitted uses since before the enactment of the zoning ordinance. On March 24, 1978, the plaintiff applied for a building permit to make internal changes in the building so as to convert that portion of the building previously used for retail sales into office space and an apartment. Both such uses are permitted under the town of Durham Zoning Ordinance §§ 4.23, 4.28. The plaintiff was informed that approval by the planning board after

site review was a prerequisite to the permit's issuing. *Id.* § 10.32. Accordingly, the plaintiff applied to the board for a site review.

On April 5, 1978, the board declined to accept the plaintiff's application, giving as reasons the lack of either a long-range plan for the site or an intention to pave the parking area or provide the required parking. The plaintiff appealed to the superior court. RSA 36:34.

On April 4, 1979, the Trial Court (*Goode*, J.) rendered the following decree:

> This Court has previously found and ruled that the authority conferred upon the Durham Planning Board by virtue of Section 10.32 of the Durham Zoning Ordinance exceeds statutory limits (*William H. Davison v. Town of Durham, et al.*; E-7270, decree of October 2, 1978). No timely appeal from that decision having been taken, its effect becomes final and binding.
>
> In light of the *Davison* decree, the issues presented by the instant appeal are moot. Plaintiff's application for a building permit is accordingly remanded to the permit issuing authority for the Town of Durham for action and disposition not inconsistent with this decree.

We agree with the trial court that the issue sought to be litigated in the instant case is identical to that decided in *Davison v. Town of Durham supra*. The trial court, in essence, correctly applied the doctrine of collateral estoppel. *Bricker v. Crane*, 118 N.H. 249, 387 A.2d 321 (1978). "Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue . . . and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979); *Bricker v. Crane supra*.

Moreover, under the doctrine of collateral estoppel, it is not essential that there be mutuality of the parties. *Bricker v. Crane supra*; *Sanderson v. Balfour*, 109 N.H. 213, 247 A.2d 185 (1968). A party who, after full litigation, has lost on an issue is thereafter barred from litigating the issue with new parties. *Id. Parklane Hosiery Co. v. Shore supra* at 327–28. It has been held that one who is not a party but who has financed and directed a suit in the name of another, having lost on an issue, may not relitigate it. *Montana v. United States*, 440 U.S. 147 (1979) (United States barred from relitigating the constitutionality of a tax held constitutional in a prior case in which it was not a party but controlled the litigation).

In the *Davison* case, the town of Durham fully litigated the issue whether section 10.32 of its zoning ordinance exceeded the authority granted to the town under RSA 36:19-a by requiring site plan approval for internal changes. It is the identical issue that the town seeks to litigate in the present case. In an extensive and thoughtful opinion, the trial court decided the issue adversely to the town. Because no appeal was taken from that decision, the judgment is final. This town is, therefore, collaterally estopped from seeking a contrary resolution of the same issue here.

*Exception overruled.*

All concurred.