Michael J. ROY and Dorothy M. Roy, Plaintiffs-Appellants,

v.

JASPER CORPORATION d/b/a/ Adjusto Equipment Company and Ronthor, Division of Evans Products Company, Defendants-Appellees.

No. 81–1453.

United States Court of Appeals, First Circuit.

Argued Nov. 5, 1981.

Decided Dec. 14, 1981.

John P. Griffith, Nashua, N.H., with whom Hamblett & Kerrigan Professional Association, Nashua, N.H., was on brief, for plaintiffs-appellants.

Elizabeth Cazden, Manchester, N.H., with whom Law Offices of Robert A. Backus, John Peltonen, and Stark & Peltonen, Manchester, N.H., were on brief, for defendants-appellees.

Before CAMPBELL and BOWNES, Circuit Judges, and DAVIS,* Judge, U.S. Court of Claims.

BOWNES, Circuit Judge.

Michael J. Roy brought a product liability diversity action and his wife, Dorothy, an action for loss of consortium against defendants-appellees Jasper Corporation and Ronthor Company for injuries Michael allegedly incurred when work stools upon which he was seated while employed by Kolsman Instruments broke on two separate occasions. The defendants designed and manufactured the stools. The district court dismissed both actions on the grounds of collateral estoppel. This appeal followed.

After receiving the alleged injuries, Michael Roy made a claim for workmen's compensation against his employer, Kolsman Instruments. The claim was denied after a hearing before the Deputy Labor Commissioner who found that the injuries alleged were not causally related to the breaking of the stools. Roy then brought a petition in the New Hampshire Superior Court for a de novo hearing on his workmen's compensation claim. The court found that the injuries claimed were the result of a recurrent problem relating to a 1968 accident and that "[t]he evidence is insufficient to permit the court to find an accidental injury resulting from any chair episodes while the plaintiff was in the employ of the defendant [Kolsman Instruments]." App. at 45. No appeal was taken by Michael Roy. The product liability action and the action for loss of consortium were then instituted in the federal court.

◼ We first turn to New Hampshire law on collateral estoppel. In *Sanderson v. Balfour*, 109 N.H. 213, 247 A.2d 185 (1968), the requirement of mutuality was rejected:

The absence of mutuality may not be used to permit the plaintiff in this case to maintain his action. The decisions in this state, in the final analysis, have always turned on whether there had been a full and fair opportunity to the party estopped to litigate the issue barring him and where there had not been he was afforded relief even though the parties were the same.

*Id.* 247 A.2d at 187.

In *Bricker v. Crane*, 118 N.H. 249, 387 A.2d 321 (1978), it was held that collateral estoppel "bars the same parties, or their privies, from contesting in a subsequent proceeding on a different cause of action any question of fact actually litigated and determined against them in a prior suit." *Id.*, 387 A.2d at 323. Two recent cases, *Armand Eng. Co. v. Adrien A. Labrie*, 427 A.2d 15, 17 (N.H.1981), and *Cutter v. Town of Durham*, 411 A.2d 1120, 1121 (N.H.1980), quoted the United States Supreme Court in *ParkLane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979): " 'Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue ... and of promoting judicial economy by preventing needless litigation.' " Both *Armand* and *Cutter* reiterated that mutuality

* Sitting by designation.

of the parties was not essential under the doctrine of collateral estoppel and that a party "who, after full litigation, has lost on any issue is thereafter barred from litigating the issue with new parties." *Cutter v. Town of Durham*, 411 A.2d at 1121.

Plaintiff does not contend that collateral estoppel cannot be based on a workmen's compensation action. In *Morin v. J. H. Valliere Co.*, 113 N.H. 431, 309 A.2d 153, 155 (1973), it was held that the doctrine of res judicata applies "to a decision of an administrative agency, such as the labor commissioner or his deputy acting under RSA ch. 281, which is rendered in a judicial capacity and resolves disputed issues properly before it which the parties have had an adequate opportunity to litigate."

Under this state of New Hampshire law, we have no difficulty in affirming the dismissal of Michael Roy's action.

■ The application of the bar of collateral estoppel to Dorothy Roy's loss of consortium action, however, is not quite so clear. Starting with *Bromfield v. Seybolt Motors, Inc.*, 109 N.H. 501, 256 A.2d 151 (1969), the New Hampshire Supreme Court has consistently held that the statute[1] giving a wife the right to recover damages for loss of consortium "did not give the wife merely a new remedy to an existing right but gave her a new cause of action previously denied." *Id.*, 256 A.2d at 152. In *LaBonte v. National Gypsum Co.*, 110 N.H. 314, 269 A.2d 634 (1970), the court held that because a wife's action for loss of consortium is separate and distinct from that of her husband, she was entitled to bring a tort action for loss of consortium against her husband's employer, even though her husband's only remedy for a work-related injury was under the workmen's compensation

statute. *Id.* 269 A.2d at 637–38. In *Archie v. Hampton*, 112 N.H. 13, 287 A.2d 622 (1972), it was held that a wife was not barred by the receipt of benefits under the workmen's compensation statute from maintaining an action for loss of consortium if her husband's death was due to the negligence of the employer. *Id.* 287 A.2d at 624–25.[2]

Using the New Hampshire court's ruling that a wife's loss of consortium is an independent action as a springboard, plaintiff argues that she could not be in privity with her husband, that the finding of the New Hampshire Superior Court that her husband suffered no injury as a result of the breaking of the work stools is not binding on her, and that she has a right, independent of her husband, to try and prove that he did injure his back as a result of the stools breaking and that she thereby is entitled to damages for loss of consortium.

Although this contention does have a certain logical appeal, we think, for the following reasons, that the New Hampshire Supreme Court would apply the bar of collateral estoppel to Dorothy Roy's claim as well as to that of her husband.

We note first the New Hampshire Supreme Court's emphasis in *Armand Eng. Co. v. Labrie*, 427 A.2d at 15, and *Cutter v. Durham*, 411 A.2d at 1120, on the dual purpose of collateral estoppel, protecting litigants from relitigating an identical issue and promoting judicial economy. Judicial economy would be completely ignored here if the wife of the losing litigant can now start the trial process anew.

We think it significant that the trend in the law is against allowing such suits. The Restatement (Second) of Judgments § 93(2) (Tent. Draft No. 3, 1976) suggests:

> who might otherwise be entitled to recover damages on account of the employee's personal injury or death, shall have no direct action whether at common law or by statute or otherwise, to recover for such damages against any person identified in paragraphs I and II [the employer, employer's insurance carrier and their agents].

1. N.H.Rev.Stat.Ann. ch. 507 § 8–a. Prior to the statute, New Hampshire did not recognize a wife's right to recover for loss of consortium.

2. Both *LaBonte* and *Archie* have been statutorily overruled by the New Hampshire Legislature. N.H.Rev.Stat.Ann. ch. 281, § 12 provides in pertinent part:
   > The spouse of an employee entitled to benefits under this chapter or any other person

When a person with a family relationship to one suffering personal injury has a claim for loss to himself resulting from the injury, the determination of issues in an action by the injured person to recover for his injuries is preclusive against the family member.

We are aware, as plaintiff's counsel has pointed out, that New Hampshire has not adopted this rule, but neither has it been rejected. Over the years, the New Hampshire Supreme Court has indicated its respect for the Restatement by citing to it and, not infrequently, following its lead. *See, e.g., Bricker v. Crane,* 387 A.2d at 322; *LaBonte v. National Gypsum Co.,* 269 A.2d at 637; *Bromfield v. Seybolt Motors, Inc.,* 256 A.2d at 152; *Sanderson v. Balfour,* 247 A.2d at 186. Comment c to § 93 of Tent. Draft No. 3 states at pages 71–72: "When the injured party has lost his personal injury action, most of the more modern authorities apply issue preclusion against claims for spousal consortium, a parent's companionship of a child, or medical expenses." (citations omitted). The New York Court of Appeals in the case establishing a wife's right to loss of consortium stated: "Where, however, the husband's cause of action has been terminated either by judgment, settlement or otherwise, that should operate to bar the wife's cause of action for consortium." *Millington v. Southeastern Elevator Co., Inc.,* 22 N.Y.2d 498, 293 N.Y.S.2d 305, 239 N.E.2d 897, 903 (N.Y.1968). *Millington* was cited by the New Hampshire Supreme Court in *LaBonte v. National Gypsum Co.,* 269 A.2d at 638.

The language of one New Hampshire case, however, does give us pause. *Reid v. Spadone Machine Co.,* 400 A.2d 54 (N.H. 1979), involved an action for loss of consortium brought by a wife after her husband, who was injured at work while using a machine manufactured by the defendant, had received a verdict against the defendant in a product liability action. In the course of its per curiam opinion, the court said:

A wife's cause of action for loss of consortium is created by statute as a separate and distinct claim and is not derivative from the claim of the husband. RSA 507:8–a. The plaintiff is a separate and distinct party from her husband and she was not a party to his action. Therefore, neither res judicata nor collateral estoppel against her result from that judgment.

*Id.* at 54–55.

Why then, if the wife in *Reid* could sue independently, do we think that the New Hampshire Supreme Court would find that Mrs. Roy could not sue independently here? The answer lies in the distinction between claim preclusion (res judicata) and issue preclusion (collateral estoppel), a distinction recognized in the Restatement (Second) of Judgment §§ 48, 49, 61 (Tent. Draft No. 1, 1973), and one we think the New Hampshire Supreme Court would also recognize. Put simply, claim preclusion concerns all the rights a party has arising out of a transaction, while issue preclusion focuses on the factual and legal issues in an action. Claim preclusion—the doctrines of merger and bar—is applied to prevent parties from relitigating the issues arising out of the same transaction; when either party prevails in an action concerning a transaction, all of the plaintiff's possible rights to remedies against the defendant arising out of that transaction are extinguished. Claim preclusion was the issue in *Reid.* Plaintiff's husband had recovered against defendant, and in plaintiff's action, defendant attempted to argue that plaintiff's claim had merged in her husband's, that is, that it had been extinguished by the earlier judgment. The holding of the New Hampshire Supreme Court is in accord with the Restatement (Second) of Judgments § 61, Comment a at 81 (Tent. Draft No. 1, 1973): "It should be noted, however, that if more than one party has a right to relief arising out of a single transaction, each such party has a separate claim for purposes of merger and bar."

The instant case, by contrast, involves issue preclusion, the binding effect in a litigation of an issue of fact or law litigated and adjudicated in an earlier proceeding. Unlike claim preclusion, issue preclusion

does not require that the same parties be involved, only that the party against whom issue preclusion is asserted have had the opportunity to litigate the issue fully (or to have been in privity with such a party).[3]

Actions involving a claim for loss to a person arising out of injury to a family member are a special case. In a loss of consortium action, issues that also arose in the underlying personal injury action brought by the other spouse are precluded because the loss of consortium action is fundamentally derivative of the first spouse's personal injury action. A spouse has no basis for a claim of loss of consortium unless the other spouse was injured either negligently or intentionally by a tortfeasor. Restatement (Second) of Judgments § 93, Comment c (Tent. Draft No. 3, 1976). Even though the spouses are separate individuals, there is no point in allowing litigation of issues in a loss of consortium action when those same issues have been litigated in the underlying claim. Collateral estoppel, issue preclusion, was therefore proper against Mrs. Roy with respect to the causation issue which had been determined in her husband's workmen's compensation suit.

We do not think that the New Hampshire Supreme Court would follow the language of *Reid* blindly and apply it to this case.

*Affirmed.*

---

**3.** We note that in *Reid* the defendant did not have a basis for claiming collateral estoppel; the issue of liability had been decided against it. The plaintiff-wife, on the other hand, might have been entitled to the benefit of collateral estoppel because the issue of liability had been determined adverse to the defendant in an earlier proceeding. *See ParkLane Hosiery Co. v. Shore*, 439 U.S. 322, 329–31, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979) (discussion of offensive use of collateral estoppel).