PAMELA D. CORRIGAN *vs.* GENERAL ELECTRIC COMPANY.

Middlesex. September 14, 1989. - January 18, 1990.

Present: WILKINS, ABRAMS, NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Collateral Estoppel. Administrative Law,* Preclusive effect of decision. *Workmen's Compensation Act,* Decision of industrial accident board. *Husband .and Wife,* Consortium. *Negligence,* Causing loss of consortium.

In an action by a wife to recover for loss of consortium due to a personal injury allegedly sustained by her husband on October 22, 1980, the doctrine of collateral estoppel precluded the wife from litigating the issue whether her husband was injured on that date, where the husband had earlier instituted a workers' compensation claim, to which the wife could not have been a party, in which he claimed such an injury and a member of the Industrial Accident Board, subsequently affirmed by the reviewing board, found that the husband had not sustained the claimed injury. [479-481] WILKINS, J., concurring; O'CONNOR, J., with whom GREANEY, J., joined, dissenting.

CIVIL ACTION commenced in the Superior Court Department on October 20, 1983.

The case was heard by *Katherine Liacos Izzo,* J., on a motion for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*David C. Rodibaugh* for the plaintiff.

*Edward J. Musco* for the defendant.

LYNCH J. This is an action to recover for loss of consortium due to a personal injury allegedly sustained by the plaintiff's husband on October 22, 1980, in the course of his employment by the defendant. Because the alleged injury occurred in 1980, this claim is unaffected by G. L. c. 152, § 24, as appearing in St. 1985, c. 527, § 35, which effectively abolished loss of consortium actions for spouses and children of

employees covered by workers' compensation. The single question on appeal is whether the doctrine of issue preclusion, also known as collateral estoppel, bars the plaintiff from litigating the question whether her husband was injured on October 22, 1980.

The plaintiff's husband had earlier instituted a workers' compensation claim in which he claimed such an injury. A member of the Industrial Accident Board, subsequently affirmed by the reviewing board, found that the husband had not sustained the claimed injury. Relying on that determination, the defendant sought and obtained summary judgment in the instant litigation on the ground that the workers' compensation decision collaterally estopped the plaintiff from relitigating the injury question. The plaintiff appealed, and we transferred the case to this court on our own initiative. This court affirms the judgment.

"A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that 'a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies . . . .' " *Fidler* v. *E.M. Parker Co.*, 394 Mass. 534, 539 (1985), quoting *Montana* v. *United States*, 440 U.S. 147, 153 (1979). This principle applies when the earlier determination has been made in a workers' compensation proceeding before the Industrial Accident Board. *Martin* v. *Ring*, 401 Mass. 59, 63-64 (1987). Furthermore, mutuality of parties is not always required. *Martin* v. *Ring, supra* at 61. *Home Owners Fed. Sav. & Loan Ass'n* v. *Northwestern Fire & Marine Ins. Co.*, 354 Mass. 448, 454 (1968).

In *Fidler* v. *E.M. Parker Co., supra*, we held that a spouse, not a plaintiff to the prior adjudication, was precluded from relitigating settled issues in the loss of consortium claim where the claim and the spouse's prior personal injury claim were "sufficiently related," and no "other circumstances existed which warrant[ed] relitigation of the issues." *Id.* at 541-542, 548.

Here the defendant seeks to invoke issue preclusion to bar a plaintiff from relitigating an issue decided against the plaintiff's spouse in a prior case. The principal difference between this case and *Fidler* is that here the plaintiff could not have been a party to her husband's prior workers' compensation claim, while in *Fidler* the spouse could have, but did not, join in his wife's tort claim. This court has ruled that a spouse's loss of consortium claim is an independent cause of action, *Ferriter* v. *Daniel O'Connell's Sons*, 381 Mass. 507, 543 (1980) (Wilkins, J., dissenting). The Legislature, however, has since nullified the *Ferriter* decision by preventing recovery for loss of consortium by spouses or children of employees subject to the provisions of the Workers' Compensation Act, G. L. c. 152, § 24, as amended through St. 1985, c. 527, § 35.

Although, under the teaching of *Ferriter*, the plaintiff's loss of consortium remains a separate cause of action, the relationship to her spouse's claim is symbiotic. Central to both claims is the causation of her husband's back injury. *Diaz* v. *Eli Lilly & Co.*, 364 Mass. 153, 167-168 (1973). The workers' compensation claim has established that this injury did not occur to the husband in the course of his employment. The plaintiff does not dispute that this issue was fully litigated in the workers' compensation case. We conclude that the spouse ought not to be able to recover for claims resulting from injuries to her husband that prior workers' compensation proceedings have established are not compensable. Under *Fidler*, the wife's claim is "sufficiently related" and no "other circumstances exist which warrant relitigation of the issues." *Id.* at 541-542, 548. "Although it is not as clear that collateral estoppel should apply to preclude a party not a plaintiff in the prior action from litigating an issue, the policy of repose is especially significant when the spouse of a nonprevailing litigant seeks to litigate a claim related to the spouse's alleged injuries. The trend in the law is against allowing suits for loss of consortium where the injured spouse would be collaterally estopped from litigating the same or similar issues. See *Roy* v. *Jasper Corp.*, 666 F.2d 714, 716

(1st Cir. 1981) (holding that, under New Hampshire law, a spouse is collaterally estopped by prior judgment from litigating loss of consortium claim). 'When a person with a family relationship to one suffering personal injury has a claim for loss to himself resulting from the injury, the determination of issues in an action by the injured person to recover for his injuries is preclusive against the family member, unless the judgment was based on a defense that is unavailable against the family member in the second action.' Restatement (Second) of Judgments § 48 (2) (1982)." *Fidler, supra* at 547.

It is true that the plaintiff is precluded from joining her husband's workers' compensation claim. On the other hand, the defendant could not have avoided the prior claim because participation in the workers' compensation program is now compulsory for most employers. *Ferriter* v. *Daniel O'Connell's Sons, supra* at 520. Fairness requires that, when a spouse with a sufficiently related claim has fully litigated an issue, an employer should not be forced to relitigate the same issue. To provide otherwise would defeat the basic purpose of issue preclusion "to conserve judicial resources, to prevent the unnecessary costs associated with multiple litigation, and to ensure the finality of judgments." *Martin* v. *Ring*, 401 Mass. 59, 61 (1987).

*Judgment affirmed.*


WILKINS, J. (concurring). In *Ferriter* v. *Daniel O'Connell's Sons*, 381 Mass. 507, 543 (1980) (Wilkins, J., dissenting), I disagreed with the view that a spouse of an injured worker had a common law claim against the employer for loss of consortium. The Legislature has since overruled the *Ferriter* decision on this point. See G. L. c. 152, § 24, as appearing in St. 1985, c. 572, § 35. Although (in order to achieve equal treatment) I accept the *Ferriter* rule for all persons as to events occurring before its legislative abrogation, I do not accept a *Ferriter*-like rule as to a spouse of

a worker who, it has previously been determined, did not have a compensable claim. I need not worry about issue preclusion. The spouse simply has no common law claim.


O'CONNOR, J. (dissenting, with whom Greaney, J., joins). The plaintiff's loss of consortium claim and her husband's workers' compensation claim related to separate and independent rights. See *Pinheiro* v. *Medical Malpractice Joint Underwriting Ass'n,* ante 288 (1990); *Bilodeau* v. *Lumbermen's Mut. Casualty Co.,* 392 Mass. 537, 539 (1984); *Olsen* v. *Bell Tel. Laboratories, Inc.,* 388 Mass. 171, 176-177 (1983); *Feltch* v. *General Rental Co.,* 383 Mass. 603, 607 (1981); *Ferriter* v. *Daniel O'Connell's Sons,* 381 Mass. 507, 519-530 (1980); *Diaz* v. *Eli Lilly & Co.,* 364 Mass. 153, 160 (1973); *Erickson* v. *Buckley,* 230 Mass. 467, 470-471 (1918); *Duffee* v. *Boston Elevated Ry.,* 191 Mass. 563, 564 (1906). Furthermore, "it creates no privity between two parties that, as litigants in two different suits, they happen to be interested in proving or disproving the same facts." *Sturbridge* v. *Franklin,* 160 Mass. 149, 151 (1893). The court acknowledges, as it must, that the "spouse's loss of consortium claim is an independent cause of action," *ante* at 480, but concludes nevertheless that facts decisive of the plaintiff's claim have been established against her in a case in which she was not a party, could not have been a party, and was not in privity with a party.

In "explanation," the court advises that, although the plaintiff's and her husband's claims were independent, they were "sufficiently related" so that the demise of the consortium claim was the inescapable result of the failure of the workers' compensation claim. That is to say, the plaintiff's independent cause of action was utterly dependent on the compensation claim for its survival. Does everyone understand?

The court relies on *Fidler* v. *E.M. Parker Co.,* 394 Mass. 534 (1985). That case was wrongly decided. In any event, *Fidler* is critically distinguishable from the present case. In

*Fidler*, unlike here, the loss of consortium plaintiff at least could have joined in the underlying personal injury action, although he chose not to. "The guiding principle in determining whether to allow defensive use of collateral estoppel is whether the party against whom it is asserted 'lacked full and fair opportunity to litigate the issue in the first action or [whether] other circumstances justify affording him an opportunity to relitigate the issue.' " *Martin* v. *Ring*, 401 Mass. 59, 62 (1987), quoting *Fidler*, *supra* at 541. Whether issue preclusion applies "rest[s] upon the wholesome principle which allows every litigant one opportunity to try his case on the merits, but limits him, in the interest of the public, to one such opportunity." *Home Owners Fed. Sav. & Loan Ass'n* v. *Northwestern Fire & Marine Ins. Co.*, 354 Mass. 448, 455 (1968). Because the plaintiff could not have asserted her loss of consortium claim in the workers' compensation case, she has not had one opportunity to try her case on the merits.

As the court pointed out in *Fidler*, *supra* at 547, and points out again now, the United States Court of Appeals for the First Circuit decided in *Roy* v. *Jasper Corp.*, 666 F.2d 714, 716 (1st Cir. 1981), that the New Hampshire Supreme Court would apply the bar of collateral estoppel to a woman's loss of consortium claim following an adverse determination of her husband's workers' compensation claim. The court fails to mention that, in arriving at that conclusion, the Court of Appeals reasoned that "the loss of consortium action is fundamentally derivative of the first spouse's personal injury action." *Id.* at 718. In this Commonwealth, we have repeatedly held that a loss of consortium claim is not derivative, but rather is independent. In any event, the result in *Roy*, *supra*, is unacceptable because, in denying the consortium claimant any opportunity to litigate her claim, it is fundamentally unfair.

Also, the court's reliance on Restatement (Second) of Judgments § 48 (1982) is misplaced. Comment a to § 48 states, "[Loss of consortium] claims raise problems of consistency and fairness that are much better dealt with by rules of compulsory joinder than by rules of preclusion. . . . The rules

of preclusion . . . tend to be . . . distinctly second-best solutions to the basic problems involved." Comment a thus makes clear that § 48 applies only to a situation in which joinder would be an alternative. That is not this case. The plaintiff did not have the option of joining her husband's workers' compensation case. Furthermore, comment c to § 48 states that loss of consortium can be characterized either as independent of the underlying personal injury claim or as derivative from it. "The position taken [here]," the comment continues, "is that the claim for these losses should be regarded as derivative." The law of this Commonwealth is otherwise.

The court claims that fairness to the defendant and conservation of judicial resources dictate that the plaintiff be precluded from proving her claim. I disagree. Fairness demands consideration of not only the defendant's interests, but of the plaintiff's as well. If the defendant must be put to the test twice in order that the plaintiff shall have one opportunity to prove her claim, so be it. The alternative is unacceptable. "It is a violation of due process for a [finding] to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard." *Massachusetts Property Ins. Underwriting Ass'n* v. *Norrington*, 395 Mass. 751, 754 (1985), quoting *Parklane Hosiery Co.* v. *Shore*, 439 U.S. 322, 327 n.7 (1979).[1]

Today's decision is fundamentally unfair to the plaintiff. Unfairness ought not be tolerated as a judicial resources conservation measure. The public interest requires that priority be given to citizens' access to the courts and fair treatment to litigants, and only then to judicial economy.

---

[1]Justice Wilkins does "not worry about issue preclusion." Instead, he concludes that, although the worker's spouse would have a common law claim had the worker prevailed on his workers' compensation claim, the spouse has no claim because the worker did not prevail. Justice Wilkins' formulation is just another way of saying what the court says: that the finding by the Division of Industrial Accidents that the worker had not suffered a work-related injury binds the spouse (issue preclusion) even though the spouse was not a party and could not have been a party in the workers' compensation proceeding.