Strafford
No. 79-027

EVELYN FOSS

v.

BYRNES CHEVROLET, INC., *& a.*

BYRNES CHEVROLET, INC.

v.

GENERAL MOTORS CORPORATION

November 14, 1979

*Flynn, McGuirk & Blanchard* and *William P. Shea*, of Portsmouth (*Stephen L. Tober* orally), for the plaintiff.

*Calderwood, Ouellette & Hallisey*, of Dover (*Stephen J. Dibble* orally), for defendant Byrnes Chevrolet, Inc.

*Myers & Brown*, of Concord (*Howard B. Myers* orally), for defendant General Motors Corporation.

BROCK, J. This is a products liability case brought to recover damages for personal injuries and property damage allegedly suffered by the plaintiff when her two-month-old 1975 Chevrolet Vega went out of control and crashed into a stone wall. Plaintiff's actions

against the manufacturer, General Motors Corporation, and the seller, Byrnes Chevrolet, Inc., allege that a defect in the motor mount and/or throttle mechanism of the automobile caused the one-car accident in which she was involved.

Byrnes Chevrolet filed an indemnification action against General Motors. These actions were consolidated for trial.

Trial before a jury on the theory of strict liability in tort ended when the Trial Court (*Mullavey*, J.), at the close of plaintiff's evidence, granted defendants' motions for a nonsuit and/or directed verdict. The court ruled that "the plaintiff in this case has failed to produce evidence that at the time the vehicle was sold by General Motors and/or the defendant Byrnes Chevrolet that there was a defect in the motor mount and/or throttle, which was unreasonably dangerous." Plaintiff's exceptions were reserved and transferred.

We have recently stated the elements of a prima facie case in strict liability and need not repeat them here. *See Reid v. Spadone Machine Co.*, 119 N.H. 198, 400 A.2d 54 (1979). The only issue before us is whether plaintiff presented sufficient evidence from which a jury could reasonably infer and find that an unreasonably dangerous defect existed at the time her 1975 Vega left the control of General Motors or Byrnes Chevrolet. "The standard of review is whether the evidence and all reasonable inferences therefrom, construed most favorably to the plaintiff, would permit a jury to find in [her] favor." *Rowe v. Public Service Co. of New Hampshire*, 115 N.H. 397, 398, 342 A.2d 656, 657 (1975). With this standard in mind, we proceed to consider the evidence.

On February 26, 1975, plaintiff purchased the new 1975 Chevrolet Vega from Byrnes Chevrolet. Between that date and the day of the accident, May 1, 1975, she had returned the car to the dealer three times for repairs, including a never repaired throttle hesitation which plaintiff had complained of since she had taken possession of the automobile. When the accident occurred, the plaintiff was on her way to Byrnes Chevrolet, again concerning problems she was experiencing with the car.

On May 1, 1975, the day of the accident, the weather was clear and the roadway at the scene was free from defects. Plaintiff was proceeding at a speed of approximately 35 miles per hour. As she approached a curve in the road, she took her foot off the gas pedal to decelerate, but instead, the vehicle abruptly accelerated and went out of control. According to the testimony of an investigating police officer, the fishtailing vehicle left 234 feet of unbroken skid marks before it crashed into a stone wall. Plaintiff was severely injured and the automobile was damaged beyond repair.

Mr. Donald Walker, an automobile body technician whose scope of employment includes general maintenance, examined the plaintiff's vehicle a day or so after the accident and discovered that the engine was tilted downward. He testified that the left motor mount, which supports the engine and restrains engine torque during operation, was broken. The motor mount is anchored to the car's frame and the frame surrounding the motor mount was not damaged. Mr. Walker testified that the safety interlock, which is designed to hold the engine in place should the motor mount separate, was missing.

Mr. Earnest Gahan, a builder of race cars for more than twenty-five years, was plaintiff's expert witness. In response to a hypothetical question, which included many of the facts already set forth, Mr. Gahan opined that the probable cause of such an accident would be the broken motor mount allowing the engine to rear up. When the engine rears up, the throttle cable linkage is stretched causing the vehicle to accelerate. Mr. Gahan stated that this sequence of events could occur at a speed of 35 miles per hour. He noted that the torque of the engine would overcome the power of the brakes, making the automobile difficult to stop.

There was also evidence that the engine was tilted slightly downward one month after plaintiff purchased the car. Byrnes Chevrolet, while examining the Vega for a rear-end noise, found that the alternator bracket was rubbing against the steering box. The alternator bracket is on the left side of the engine, one to one-and-a-half inches above the steering box.

■ It has been observed that "[t]here will seldom be a case based upon strict liability where a person will be able to testify from his personal knowledge that a particular product was sold in a certain defective condition." *Lindsay v. McDonnell Douglas Aircraft Corp.*, 460 F.2d 631, 639 (8th Cir. 1972) (citations omitted). Having reviewed the trial transcript in its entirety, we conclude that the plaintiff presented evidence which, if believed, would permit a jury to find that there was an unreasonably dangerous defect in the automobile at the time it was sold to the plaintiff. *Kierstead v. Betley Chevrolet-Buick, Inc.*, 118 N.H. 493, 389 A.2d 429 (1978); *Snider v. Bob Thibodeau Ford, Inc.*, 42 Mich. App. 708, 202 N.W.2d 727 (1972).

■ General Motors also contends that a nonsuit and/or directed verdict was proper because Mr. Gahan testified on cross-examination that, under normal circumstances, if the driver of a car with a broken motor mount took his foot off the gas pedal at 35 miles per hour, the engine would drop back down. To the extent that this testimony may

bear on or conflicts with Mr. Gahan's opinion that the probable cause of the accident was the engine rearing up, a question is raised concerning the weight to be accorded the evidence. Such questions are properly left to the jury. *Carey v. General Motors Corp.*, 387 N.E.2d 583, 587 (Mass. 1979).

*Exceptions sustained.*

KING, J., did not sit; the others concurred.