Grafton
No. 94-693

CHARLES W. RICHMOND

v.

WHITE MOUNTAIN RECREATION ASSOCIATION, INC.,
D/B/A WHITE MOUNTAIN ATTRACTIONS ASSOCATION

CHARLES W. RICHMOND

v.

WHITE MOUNTAINS 93 ASSOCIATION,
A/K/A SKI 93

WHITE MOUNTAINS 93 ASSOCIATION,
A/K/A SKI 93

v.

FADDEN CONSTRUCTION COMPANY

April 4, 1996

*Law Offices of David J. KillKelley*, of Laconia (*David J. KillKelley* on the brief and orally), for Charles W. Richmond.

*Carol L. Hess*, of Concord, by brief and orally, for White Mountains 93 Association, a/k/a Ski 93.

*Roussos, Hage & Hodes, P.A.*, of Manchester (*Edward F. Patch* on the brief), for Fadden Construction Company.

*White Mountain Recreation Association, Inc., d/b/a White Mountain Attractions Association*, filed no brief.

JOHNSON, J. White Mountain Recreation Association, Inc., d/b/a White Mountain Attractions Association (White Mountain), and White Mountains 93 Association, a/k/a Ski 93 (Ski 93), engaged Fadden Construction Company (Fadden) to build an addition onto a visitors' center. Charles W. Richmond, a Fadden employee, fell off a ladder while working on the building project. Richmond sued White Mountain and Ski 93 under several theories of liability, including violation of RSA 277:2 (1987), negligent selection of Fadden as a contractor, and failure to protect against a danger inherent in the work. *Cf.* RSA 281-A:8 (Supp. 1995) (employee covered by RSA chapter 281-A has no right to sue employer in tort and may sue co-employee only for intentional tort). Ski 93 then sued Fadden for indemnification. The Superior Court (*Fitzgerald*, J.) dismissed Richmond's statutory count prior to the jury trial and directed a verdict in favor of all defendants on the remaining claims at the close of Richmond's case. We affirm.

Richmond first argues that the trial court erred in dismissing his statutory claim. In reviewing the court's dismissal, we determine "whether the allegations are reasonably susceptible of a construction that would permit recovery." *Royer Foundry & Mach. Co. v. N.H. Grey Iron, Inc.*, 118 N.H. 649, 651, 392 A.2d 145, 146 (1978).

"We will assume the truth of both the facts alleged in [Richmond's] pleadings and all reasonable inferences therefrom as construed most favorably to [Richmond]." *Collectramatic, Inc. v. Kentucky Fried Chicken Corp.*, 127 N.H. 318, 320, 499 A.2d 999, 1000 (1985).

Our task is to determine the legislature's intent as expressed in the language of RSA 277:2. *See City of Concord v. PELRB*, 119 N.H. 725, 727, 407 A.2d 363, 364 (1979). We start by examining the statute for its plain meaning. *Gilmore v. Bradgate Assocs.*, 135 N.H. 234, 237, 604 A.2d 555, 556 (1992); *see* RSA 21:2 (1988). RSA 277:2, entitled, "Scaffolding and Other Devices for Use of Employees," provides: "*A person employing or directing another* to perform labor of any kind in the erection . . . of a building or structure shall furnish . . . or cause to be furnished . . . ladders . . . which shall be so constructed, placed and operated as to give proper protection *to a person so employed or directed.*" (Emphasis added.)

■ White Mountain, Ski 93, and Fadden argue that RSA 277:2 applies only to public employees and cannot, in any event, support a private cause of action. We need not address these questions. The plain language of the statute precludes recovery here. RSA 277:2 requires "[a] person employing or directing another" to take certain safety measures for the protection of "a person so employed or directed." If the statute were to apply to this case, Richmond would have to be "a person so employed or directed." The "person employing or directing" Richmond, however, was Fadden, not White Mountain or Ski 93. Accordingly, RSA 277:2 did not impose any duty on White Mountain and Ski 93 to protect Richmond from harm.

■■ Richmond argues that White Mountain and Ski 93 were the "person[s] employing or directing another" under RSA 277:2. He acknowledges that White Mountain and Ski 93 employed or directed Fadden, not himself, but asserts that, as a Fadden employee, he stood in Fadden's shoes for purposes of RSA 277:2. We disagree. The statute's manifest purpose is to protect the physical safety of employees. The person best able to protect Richmond was the person directly overseeing his work — Fadden. Thus, the most reasonable interpretation of RSA 277:2 is the one most faithful to its plain meaning, set forth above. That is, if the statute applies here at all, Fadden, the "person employing or directing" Richmond, had the duty to follow safety measures for Richmond's protection, not White Mountain and Ski 93. We hold that RSA 277:2 does not apply to this case under any construction of Richmond's pleadings and therefore cannot form the basis for liability against White Mountain and Ski 93.

Next, Richmond argues that the trial court erred in directing a verdict against him on his negligent hiring claim. Our standard of review is "whether the evidence and all reasonable inferences therefrom, construed most favorably to [Richmond], would permit a jury to find in [Richmond's] favor." *Foss v. Byrnes Chevrolet, Inc.,* 119 N.H. 808, 809, 408 A.2d 415, 415 (1979) (quotation omitted).

■ "An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor . . . to do work which will involve a risk of physical harm unless it is skillfully and carefully done . . . ." RESTATEMENT (SECOND) OF TORTS § 411 (1965); *see Arthur v. Holy Rosary Credit Union,* 139 N.H. 463, 468-69, 656 A.2d 830, 834 (1995). We first note the prevailing view that the doctrine of negligent hiring does not apply to cases such as this, where the injured plaintiff was an employee of the contractor hired by the defendant. *See, e.g., Ray v. Schneider,* 548 A.2d 461, 467-68 (Conn. App. Ct.), *certification denied,* 551 A.2d 756 (Conn. 1988); *Valdez v. Cillessen & Son, Inc.,* 734 P.2d 1258, 1263 (N.M. 1987); *Mentzer v. Ognibene,* 597 A.2d 604, 607-09 (Pa. Super. Ct. 1991), *appeal denied,* 609 A.2d 168 (Pa. 1992); *Chapman v. Black,* 741 P.2d 998, 1003-05 (Wash. Ct. App. 1987); *but see Sievers v. McClure,* 746 P.2d 885, 891 (Alaska 1987). Even if the negligent hiring doctrine applied to this case, however, we would affirm the trial court's directed verdict. Neither the evidence nor the reasonable inferences taken therefrom could support a finding that White Mountain and Ski 93 failed to exercise reasonable care in hiring Fadden.

■ Richmond points to evidence that White Mountain and Ski 93 selected Fadden based on Fadden's past work, without researching the adequacy of Fadden's equipment and personnel. We find no negligence in this method of selection. Comment c to the RESTATEMENT (SECOND) OF TORTS § 411 states:

[O]ne who employs a carpenter to repair the ceilings of his shop or [a plumber] to install plumbing in his hotel is entitled to assume that a carpenter or plumber of good reputation is competent to do such work safely. In such case, there is no duty to make an elaborate investigation as to the competence of the carpenter or plumber. Indeed, there is no duty to take any great pains to ascertain whether his reputation is or is not good. The fact that he is a carpenter or plumber is sufficient, unless the employer knows that the contractor's reputation is bad or knows of facts which should lead him to realize that the contractor is not competent.

■ Richmond argues that White Mountain and Ski 93 knew Fadden tended to work fast and was under some pressure to complete this building project quickly. Such knowledge would not reasonably lead White Mountain and Ski 93 to inquire further about Fadden's reputation. *See id.* A fast-paced construction project is not necessarily an unsafe construction project. It is the rare contractor that does *not* routinely work under some degree of time pressure, and we believe a fast pace may just as well signal efficiency as a disregard for safety. At trial, only one witness, Richmond, opined that "sometimes [Fadden would] forego safety for quickness." Nothing about his testimony nor the testimony of the other witnesses suggested that White Mountain and Ski 93 had any knowledge of Richmond's opinion. Thus, White Mountain and Ski 93 had no duty to inquire further about Fadden's reputation. *See id.* The superior court properly directed a verdict in favor of the defendants on Richmond's claim of negligent hiring.

■ Finally, Richmond argues that the superior court erred in directing a verdict against him on his claim that White Mountain and Ski 93 failed to protect him from a danger inherent in the work. Our recent decision in *Arthur v. Holy Rosary Credit Union*, explaining the inherent danger doctrine, resolves this issue against Richmond. *Arthur*, 139 N.H. at 465-66, 656 A.2d at 832-33. We stated:

> We agree that construction projects, typically fraught with a variety of potential dangers that may arise if the work is not carefully done, do not, as a rule, fall within the inherently dangerous category. We hold that to be an inherently dangerous activity, construction, or any other work, must be dangerous in and of itself and not dangerous simply because of the negligent performance of the work, and that the danger must be naturally apprehended by the parties when they contract. Only then will the work constitute an inherent danger that places a non-delegable duty upon the one ordering it to protect third parties against resulting injury.

*Id.* at 466, 656 A.2d at 833 (citation omitted); *see* RESTATEMENT (SECOND) OF TORTS § 427 (1965).

■ Richmond testified that the accident occurred when he attempted to climb a ladder. The ladder was leaning against a wall at an unsafe angle in order to span an opening in the floor. According to Richmond, a co-worker held the ladder as he started to climb it but let go of it before Richmond had completed his task. The ladder

then slipped, causing Richmond to fall through the floor opening. Richmond testified that if the co-worker had held onto the ladder, he could have climbed it safely. Thus, the evidence could not support a finding that climbing the ladder was "dangerous in and of itself." *Arthur*, 139 N.H. at 466, 656 A.2d at 833. The only reasonable inference to be drawn from the testimony was that the activity was "dangerous simply because of the negligent performance of the work." *Id.* The danger that Richmond's co-worker would fail to hold the ladder could not have been "naturally apprehended by the parties when they contract[ed]." *Id.* Therefore, White Mountain and Ski 93 owed Richmond no duty to protect him from the injuries he sustained.

*Affirmed.*

All concurred.