Willard v. Park Industries          CV-97-581-M    01/05/99

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Timothy Willard,
      Plaintiff

      v.                                        Civil No. 97-581-M

Park Industries, Inc.,
      Defendant


O R D E R


In this diversity action, plaintiff Timothy Willard asserts claims of (1) negligent design, (2) failure to warn, and (3) breach of warranty of merchantability against defendant Park Industries.  Willard says he was injured when, after the roller conveyor system designed and manufactured by Park malfunctioned, he attempted to manually move several large, heavy pieces of granite blocks along the failed roller conveyor system.

Presently before the court is Park's motion for summary judgment on all counts.  Plaintiff has neither objected to defendant's motion, nor has he challenged any facts asserted by defendant.  And, plaintiff failed to appear at a scheduled hearing on defendant's motion.  Defendant's motion is granted and judgment shall be entered in defendant's favor.


**Background**

The uncontested facts show that in October of 1994 Willard injured himself while working at the Swenson Granite Company ("Swenson"), in Concord, New Hampshire.  At the time, he was

attempting to move a group of large, heavy pieces of granite blocks along a roller conveyor system, designed and manufactured by defendant. Park's roller conveyor system basically consists of a set of rails and roller assemblies. The individual rollers rotate on bearing assemblies to permit them to rotate about their axles. The axles, themselves, do not rotate, but are fixed to the rails by vertical bolts.

Swenson purchased the roller conveyor system from Park to enable its employees to easily move (role) large granite blocks to various stations. Park concedes that the bolts attaching the axles to the rails will occasionally break due to the shear stress caused by the displaced weight of the heavy granite blocks. And, whenever a bolt breaks, the rollers fixed to the rails by the broken bolts will become free.

In his complaint, plaintiff alleges that on the day of his injury the displaced weight of the granite blocks he was moving caused one of the vertical bolts to break. As a result, the roller associated with that broken bolt became free from the rail and subsequently floated forward, where it came into contact with a second roller. The two rollers jammed up against each other, causing the entire conveyor system to bind.

While plaintiff cannot identify the particular roller that broke, he was aware of the failure and immediately sought to fix the roller by replacing the broken bolt (the standard procedure). Prior to replacing the bolt, however, it was necessary to remove the existing granite blocks that were sitting on the conveyor

2

system.  However, rather than using a crowbar or requesting the assistance of co-workers to help him move the granite blocks over the broken roller, plaintiff instead pushed the granite blocks "with all [his] body and all [his] might."  Plaintiff's Depo. 217, lines 22-23.  Plaintiff says that his injury occurred while he was pushing the blocks over the known broken roller.

**Discussion**

I.   Standard for Summary Judgment.

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Rule 56(c), Fed. R. Civ. P.  In considering whether or not a genuine issue of material fact exists, the evidence of the nonmoving party is to be believed and all justifiable inferences are to be drawn in his favor.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

The moving party bears the burden of demonstrating that there is no genuine issue as to any material fact.  See Finn v. Consolidated Rail Corp., 782 F.2d 13, 15 (1st Cir. 1986).  "To demonstrate that no genuine issue of material fact exists, the moving party must point out 'an absence of evidence supporting the nonmoving party's case.'"  Oliver v. Digital Equip. Corp.,

3

846 F.2d 103, 105 (1st Cir. 1988) (quoting <u>Celotex Corp. v.</u> <u>Catrett</u>, 477 U.S. 317, 325 (1986)).

"Once the defendant has made a properly supported motion for summary judgment, however, [plaintiff] 'may not rest upon mere allegation or denials of [his] pleading, but must set forth specific facts showing there is a genuine issue for trial.'" <u>Snow</u> <u>v. Harnischfeger Corp.</u>, 12 F.3d 1154, 1157 (1st Cir. 1993) (quoting <u>Anderson</u>, 477 U.S. at 250). "Thus, summary judgment is proper when, . . . the party against whom judgment is sought fails to show sufficient basis for the establishment of an essential element of its case.'" <u>Kauffman v. Puerto Rico Tel.</u> <u>Co.</u>, 841 F.2d 1169, 1172 (1st Cir. 1988).

II. <u>Negligent Design</u>.

Willard alleges that Park negligently designed the conveyor system it sold to his employer by failing to test the product to determine the level of force that could be safely required of humans to move the blocks when the rollers failed.

A product is defectively designed when it "is manufactured in conformity with the intended design but the design itself poses unreasonable dangers to consumers." <u>Thibault v. Sears,</u> <u>Roebuck & Co.</u>, 118 N.H. 802, 807 (1978). This contrasts with a manufacturing defect, which occurs when, "due to an accidental variation caused by a mistake in the manufacturing process," the product "does not conform to the great majority of products manufactured in accordance with that design." <u>Id.</u>

4

To succeed at trial on his theory of negligent design, plaintiff would have to prove by a preponderance of the evidence that defendant violated its duty of care in the design of the roller conveyor system in question and that the breach caused plaintiff's injuries. See Goodwin v. James, 134 N.H. 579, 583 (1991).

Unless Willard produces evidence from which a reasonable jury could conclude that Park violated the standard of due care in the design of the roller conveyor system, Park is entitled to summary judgment. See Walker v. General Elec. Co., 968 F.2d 116, 118 (1st Cir. 1992). In Walker, the plaintiff brought suit against the manufacturer of a toaster-oven, alleging that the toaster-oven had malfunctioned and caused a fire which destroyed the plaintiff's home. The First Circuit upheld a directed verdict for the defendant because, although there was evidence that the toaster-oven malfunctioned, "there was no evidence that defendant had violated the standard of due care in the design or manufacture of the toaster-oven." Id.

Similarly, in the present case, plaintiff has failed to come forward with any evidence that defendant violated the standard of care in its manufacture or design of the roller conveyor system. Nothing in the pleadings suggests that defendant was negligent in any way with respect to the design of the product. Although, as in Walker, there is evidence that the roller conveyor system malfunctioned, plaintiff has provided no evidence in support of his claim that defendant's design posed an unreasonable danger to

5

consumers.  See Thibault, 118 N.H. at 807. Because no reasonable juror could find in favor of plaintiff's claim of negligent design on this undeveloped record, defendant is entitled to judgment as a matter of law.  Perhaps plaintiff could have proffered some useful evidence, but he has not done so.

III. Strict Liability - Failure to Warn.

In Count II of his complaint, plaintiff alleges strict liability against defendant, claiming that Park's roller conveyor system was defective and unreasonably dangerous, and that it was placed in the stream of commerce without an adequate warning concerning its unreasonably dangerous condition.

Under New Hampshire law, "an inadequate warning constitutes a design defect." Duford v. Sears, Roebuck & Co., 833 F.2d 407, 411 (1st Cir. 1987) (citations omitted).  In an action for strict liability alleging a design defect, "the plaintiff must first prove the existence of a 'defective condition unreasonably dangerous to the user.'" Thibault, 118 N.H. at 807 (quoting Buttrick v. Lessard, 110 N.H. 36, 38-39 (1969)).

The New Hampshire Supreme Court has observed "that there will seldom be a case based upon strict liability where a person will be able to testify from his personal knowledge that a particular product was sold in a certain defective condition." Foss v. Byrnes Chevrolet, Inc., 119 N.H. 808 (1979).  Although there is no general rule requiring expert testimony, the Court has recently taken the position that such "testimony is required

6

whenever 'the matter to be determined is so distinctly related to some science, profession, business or occupation as to be beyond the ken of the average layman." Lemay v. Burnett, 139 N.H. 633, 635 (1995) (citations omitted). "This requirement serves to preclude the jury from engaging in idle speculation." Id. at 634. This requirement concerning the introduction of expert testimony also extends to the issue of a defendant's alleged failure to warn. See id.

The plaintiff in a strict liability case must also prove that the "purpose and manner of his use of the product was foreseeable by the manufacturer." Thibault, 118 N.H. at 809. See also Fortier v. Olin, 840 F.2d 98, 100 (1st Cir. 1988) ("the defect and danger must be examined having in mind the manufacturer's general duty, which 'is limited to foreseeing the probable results of the normal use of the product or a use that can be reasonably anticipated.'" (quoting Thibault, 118 N.H. at 808)).

Similarly, a manufacturer's duty to warn "extends only to dangers that are reasonably foreseeable." Duford, 833 F.2d at 411; see also Thibault, 118 N.H. at 808 ("Manufacturers cannot foresee and warn of all absurd and dangerous uses of their product."). Consequently, the New Hampshire Supreme Court has "reject[ed] cases that demand that a manufacturer warn against uses which were neither intended by the manufacturer nor within the reasonably foreseeable use of the product." Thibault, 118 N.H. at 808.

7

In addition to foreseeability, the plaintiff in a strict liability case must prove causation.  See id.  Specifically, the plaintiff must show that "the unreasonably dangerous condition existed when the product was purchased, and that the dangerous condition caused the injury."  Id.  See, e.g., Buttrick v. Lessard, 110 N.H. 36, 38-39 (1969) (plaintiff must prove that the malfunction of automobile lights caused the accident and that the malfunction arose from a defect present at the time of purchase).

However, "[p]roduct misuse, abnormal use, and a plaintiff's decision to encounter a known risk are all valid defenses in a products liability case," and are collectively known under New Hampshire law as "plaintiff's misconduct."  Fortier, 840 F.2d at 101.  "The words 'plaintiff's misconduct' accurately describe what action by the plaintiff, combined with the interaction of a defendant's product, caused an accident or injury."  Thibault, 118 N.H. at 812.

In Buttrick v. Lessard, supra, the New Hampshire Supreme Court addressed the issue of "plaintiff's misconduct" as a defense in a products liability action.  See 110 N.H. 36.  There, the plaintiff brought suit for personal injuries allegedly resulting from a defect in a motor vehicle.  Buttrick, 110 N.H. at 37.  The defendants produced evidence indicating that after he discovered the defect, "plaintiff continued to use the car with full knowledge of the defect and with no absolute assurance that it had been repaired."  Id. at 39.

8

According to the court, "the conduct of the plaintiff in continuing to use the car with knowledge of [the] defect and his operation of the car during the period leading up to the accident will bear on the question of his . . . negligence." Id. at 40. Consequently, if a jury finds the plaintiff's conduct to be "the sole cause of the accident, the plaintiff is barred from recovery." Thibault, 118 N.H. at 812; see Buttrick, 110 N.H. at 40.

In the present case, plaintiff has disclosed no witnesses, expert or lay, to testify as to the allegedly defective condition of the roller conveyor system, or to defendant's alleged failure to provide proper warnings. In addition, plaintiff has stated in his deposition that he cannot even identify which particular roller was defective. Without such expert testimony, plaintiff's allegations remain mere conjecture, as he has no competent evidence beyond his own speculation regarding the condition of the roller conveyor system.

Moreover, though plaintiff suggests that it was common for the rollers to malfunction under the stress of the granite blocks, he has not provided the court with reliable evidence tending to show that defendant should have foreseen that plaintiff would have simply pushed, without any assistance, the granite blocks over the frozen rollers in the event of such a malfunction. The very purpose of the roller conveyor system was to assist plaintiff in moving the large blocks of granite. Given that purpose, plaintiff has failed to show why defendant should

9

have foreseen that plaintiff would not have sought other temporary assistance in moving the blocks when the rollers jammed.

Finally, plaintiff has failed to provide any evidence which would tend to counter defendant's assertion that it was his own misconduct (i.e., attempting to manually move the granite blocks over a known broken conveyor) rather than the allegedly defective conveyor system itself, that actually caused his injury.

Thus, because plaintiff has failed to present any evidence of facts that might establish causation, foreseeability, and the existence of an unreasonably dangerous defect in the product, he cannot sustain his burden of proof at trial. Accordingly, even taking the undisputed facts of record and considering them in the light most favorable to plaintiff, defendant's motion for summary judgment must be granted on his strict liability claim.


IV. Breach of Warranty.

In Count III of his complaint, plaintiff alleges that defendant breached express and implied warranties, because the conveyor system was neither of merchantable quality, nor safe for the particular purposes intended.

As there is no common law of breach of warranty in New Hampshire, plaintiff's right of recovery, if any, is governed by New Hampshire Revised Statutes Annotated (RSA) 382-A:2-313, 2-314, or 2-315. "RSA 382-A:2-314 generally provides that a seller impliedly warrants that his goods are merchantable or generally

10

fit for the 'ordinary purposes' for which the goods are used, unless the seller validly excludes or modifies the warranty." Xerox Corp. v. Hawkes, 124 N.H. 610, 616 (1984); see also H.G. Fischer X-Ray Co. v. Meredith, 121 N.H. 707, 710 (1981) ("Absent a valid disclaimer, see RSA 382-A:2-316, any express warranties made by the seller and an implied warranty of merchantability attach to the goods that are the subject of a sale.").

If a plaintiff is to succeed on a claim of breach of implied warranty of merchantability, there must be actual proof of such noncompliance with the warranty. See, e.g., Elliot v. Lachance, 109 N.H. 481, 485 ("the plaintiff has the burden of proving that [the] injury resulted from the unmerchantability or unsuitableness of the product"). Because "proof of mere injury furnishes no rational basis for inferring that the product was defective for its intended use," plaintiff may not rely on the sole fact that an accident occurred to show a breach of warranty. Id. (citations omitted). Rather, he must provide the court with evidence that the product was unfit for its ordinary and intended use.

Plaintiff concedes that he does not know which particular roller of the conveyor system caused the malfunction, and he has not submitted any evidence to the court to support a finding that the product was "defective." Apparently, given the nature of the product and its intended use under conditions of high stress, occasional mechanical failures were generally expected, and were routinely repaired in an accepted fashion. The record does not

11

show that plaintiff's injuries were caused by such mechanical failure, but by his apparent insistence on pushing the granite blocks notwithstanding the known roller failure.  Because plaintiff has not presented evidence of facts which would support a finding that the roller conveyor system was unfit for its ordinary purposes, he cannot sustain his burden of proof at trial.  Accordingly, defendant's motion for summary judgment is granted as to the claimed breach of warranty of merchantability.

### Conclusion

For the reasons set forth herein, defendant's motion for summary judgment (document 15) is granted in its entirety.


**SO ORDERED.**


_____
Steven J. McAuliffe
United States District Judge

January 5, 1999

cc:  Timothy Willard
     Charles P. Bauer, Esq.

12