Hillsborough, Dec. 2, 1952. } No. 4143.

LILLIAN DIAMOND & a.

*v.*

THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD.

*Green, Green, Romprey & Sullivan* (*Mr. Meyer Green* orally), for the plaintiffs.

*Sheehan, Phinney & Bass* and *William S. Green* (*Mr. Green* orally), for the defendant.

GOODNOW, J.   The main issue in this case is whether the rights which the sole dependent of a deceased employee enjoys under the Workmen's Compensation Act to receive compensation survive to the dependent's estate or are personal and terminate at death.   We

are of the opinion that such rights are personal and expire upon the death of the dependent.

Section 20 of the Workmen's Compensation Act (Laws of 1947, 'c. 266) provides in part as follows: "If death results from the injury, the employer shall pay to, or for the dependent . . . of the deceased employee, as defined in section 1, for a period of not exceeding three hundred weeks, a weekly compensation." This section (paragraph II) also provides that in case of remarriage of a widow without dependent children, "compensation payments shall cease." Under paragraph IV, if the deceased employee leaves no dependents, the employer is required to pay the expenses of burial. By section 1 VII, dependents are defined as those persons within specified degrees of relationship to the deceased "who were wholly or partially dependent in fact upon the earnings of the employee for support at the time of the injury."

The statute is clearly designed to provide a source of support for persons who would otherwise have relied upon the employee had he lived. It specifically provides for "weekly" payments (*Bolduc v. Company*, 96 N. H. 235, 239) and establishes the period for which the payments shall extend as "not exceeding three hundred weeks" in contrast to the statute prior to 1947 which provided for a lump sum payment computed at its maximum at one hundred fifty times the average weekly earnings of the deceased employee. R. L., c. 216, s. 20. Such provisions emphasize the intention of the Legislature to provide payments regularly for the support of those dependent "at the time of the injury" during a period not fixed inflexibly but limited to a maximum number of weeks. By other terms of the statute, "claims for compensation . . . shall not be assignable; and the compensation . . . shall be exempt from all claims of creditors" except those of a certain class not material in this case (s. 42). Were the right to the compensation payments deemed to survive to the dependent's estate, the balance of the payments after the decease of the dependent would go to his estate and there be subject to the claims of creditors. Furthermore, as part of the estate of the dependent, distribution of the compensation after payment of debts and expenses of the estate would be made to persons not dependent upon the deceased employee and therefore not entitled to receive the benefits of the statute. The fact that the remarriage of a dependent widow terminates the right to compensation payments by the terms of the statute underlines the personal quality of her rights. In our view that such rights do

not survive to the dependent's estate, we are supported by the great weight of authority. See collection of annotations. 15 A. L. R. 821; 24 A. L. R. 441; 29 A. L. R. 1426; 51 A. L. R. 1446; 87 A. L. R. 864; 95 A. L. R. 254. The cases to the contrary cited by the plaintiffs are based on statutes decidedly different from the statute of this state.

The plaintiffs further claim that the rights of the widow's estate do not rest upon the statute alone but also upon the agreement for compensation entered into between her and the defendant. This agreement was made on a form provided by the Bureau of Labor and states "that the said Molly C. Lippman shall receive compensation at the rate of $25.00 per week . . . for 300 weeks from Oct. 16, 1947." It further specifically provides that it must have the approval of the Commissioner of Labor and may be subject to review by the Superior Court as provided in section 38 of the law. Section 34 of the act provides in effect that if an agreement in regard to compensation is made, a memorandum thereof shall be filed with the Commissioner of Labor who shall approve such agreement only when the terms thereof conform to the provisions of the Workmen's Compensation Act. It further provides that such agreements, after approval, are subject to modification (s. 38) and enforcement (s. 40). The agreement before us was not a lump sum settlement under section 31 but was intended to comply with the statute and was expressly made subject to its provisions. It was in the nature of an agreed award (s. 34) subject to modification under section 38. It must therefore be considered to provide for compensation for a period "not exceeding three hundred weeks" (s. 20) rather than for three hundred weeks certain. The rights of the sole dependent of a deceased employee which are personal under the statute do not survive to the dependent's estate by reason of this agreement.

The answer to the question transferred is "no."

*Case discharged.*

All concurred.