Merrimack,
No. 4472.

RUTH LILLIAN BROWN & a.

*v.*

ANNIE M. HUBERT & a.

Argued April 3, 1956.

Decided April 27, 1956.

*H. Thornton Lorimer* (by brief and orally), for the plaintiffs.

*Burns, Calderwood & Bryant* (*Mr. Bryant* orally), for the defendants.

LAMPRON, J. The main issue to be decided is the nature of the right to compensation which "the employer shall pay to, or for the dependent or dependents of the deceased employee" under Laws 1947, *c.* 266, *s.* 20, now RSA 281:22.

It was stated in *Cote* v. *Company*, 85 N. H. 444, 446, that although "the statute might conceivably have been drawn in such a way as to give to every dependent of a deceased workman a separate right of action for the loss resulting to such dependent from his death," no such purpose was discernible in P. L., *c.* 178. This law provided that in case death resulted from injury to a workman who

left a widow, children or parents then dependent on his earnings for support a certain amount of compensation was to be paid to his legal representatives for the benefit of such dependents. *Ss.* 19, 20.

Under the comprehensive amendment in the Workmen's Compensation Law made by chapter 266, Laws 1947, it was provided in section 20 that "if death results from the injury, the employer shall pay to, or for the dependent or dependents of the deceased employee" a certain amount of compensation. If compensation is "payable to a widow . . . for the benefit of herself . . . and dependent child or children, the commissioner of labor shall have power to determine in his discretion what portion . . . shall be applied for the benefit of any such child . . . and may order the same paid to a guardian." *S.* 20 I, now RSA 281:22.

By this difference in wording the Legislature intended to change from a system by which on his death the right of the workman survived to his legal representative for the benefit of his dependents (*Cote* v. *Company, supra*) to one by which his death creates "in a dependent widow or child a right of action separate and distinct from that of the deceased employee contrary to the situation prevailing under the prior law." *Gagne* v. *Greenhouses,* 99 N. H. 292, 296; *Hirsch* v. *Company,* 97 N. H. 480, 486.

The result is that the injured employee has a right to compensation for the loss which he has sustained from his injury and his dependents have a separate and distinct right to compensation for the loss which they sustained by the death of the employee who was a source of support to them. *Diamond* v. *Employers' &c. Co.,* 97 N. H. 510, 512; *Colby* v. *Varney,* 98 N. H. 99, 103; *Globe Ind. Co.* v. *Peckham,* 97 N. H. 487, 490; 9 Schneider, Workmen's Compensation 1.

On October 15, 1954, when Laurence O. Brown died from injuries arising out of and in the course of his employment by Hubert Farms there arose in his dependents, the plaintiffs, a separate and distinct right of action from that which he acquired when he was injured on December 3, 1951. It follows that the settlement executed by him and not by his dependents on February 6, 1952, could only affect his right of action. *Cripps' Case,* 216 Mass. 586; 2 Larson, Workmen's Compensation, *s.* 64.00; Horovitz, Workmen's Compensation 332.

If this settlement could not affect plaintiffs' rights it follows that a failure on Laurence's part to apply for a modification thereof under Laws 1947, *c.* 266, *s.* 38, now RSA 281:40, could not do so.

Nor did said section 38 impose a duty on the plaintiffs to apply for a modification of Laurence's settlement since that settlement was not related to their rights as dependents which arose over two years thereafter.

Since this section requires that modifications be sought "not later than one year after the date of the last payment fixed by the award" if it were held to apply here it would limit the right of dependents to deaths which occurred within that period, a provision which the Legislature could have enacted if it wanted such a limitation.

In view of the result the other exceptions need not be considered.

*Exceptions overruled.*

All concurred.