NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by email at the following address: reporter@courts.state.nh.us.  Opinions are available on the Internet by 9:00 a.m. on the morning of their release.  The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Compensation Appeals Board
Case No. 2023-0323
Citation:  Appeal of Estate of Menke, 2025 N.H. 10

APPEAL OF ESTATE OF GILBERT MENKE
(New Hampshire Compensation Appeals Board)

Argued: April 4, 2024
Opinion Issued: February 19, 2025

Douglas, Leonard & Garvey, P.C. , of Concord (Benjamin T. King on the brief and orally), for the petitioner.

Devine, Millimet & Branch, P.A., of Manchester (Richard P. Driscoll on the brief and orally), for the respondent.

BASSETT, J.

[¶1] This is an appeal from an order of the New Hampshire Compensation Appeals Board (CAB) denying the request of Maia Beh, the widow of Gilbert Menke (decedent), to be added to the list of dependents for the allocation of workers' compensation death benefits.  See RSA 281-A:26 (2023); see also RSA 281-A:2, XI (2023).  The CAB denied Beh's request based on its determination that her request to be added to the list of dependents constituted a separate and additional claim for death benefits that was barred by the statute of limitations in RSA 281-A:21-a.  See RSA 281-A:21-a (2023).

Because we conclude that adding a dependent to an open death benefits claim does not constitute a separate claim, and that the New Hampshire Workers' Compensation Law sets no time limit for the dependent of a deceased employee to request allocation of benefits under an open death benefits claim, we reverse and remand.

[¶2] The following facts are derived from the CAB's orders, are supported by the record, or are undisputed. On July 13, 2016, the decedent died following a work-related injury. The decedent was survived by his widow, Beh, and their daughter. Although Beh was not married to the decedent, upon his death she became his common law spouse. See RSA 457:39 (2018) (setting forth the requirements for recognition of common law marriage upon the death of one member of a couple).

[¶3] Beh received a letter dated July 14, 2016 from New Hampshire Automobile Dealers Association — the insurer of the decedent's employer, Global Truck Traders (collectively, the Carrier) — informing her that "Global Truck Traders ha[d] submitted a Workers' Compensation claim on [the decedent's] behalf." The letter stated that Beh "and/or [her] daughter may be entitled to workers' compensation benefits, pursuant to RSA 281-A:26" and instructed Beh to provide the decedent's "death certificate, the birth certificate of your daughter and a marriage certificate" in order to establish "entitlement to workers' compensation benefits."

[¶4] On May 15, 2017 — less than a year after the decedent's injury — Beh sent the Carrier the decedent's death certificate and their daughter's birth certificate and requested that the Carrier "pay the back benefits due to [our daughter] and begin issuing her regular payments of the death benefit." The New Hampshire Department of Labor (DOL) authorized the payment of dependent benefits.

[¶5] On October 19, 2020 — more than three years after the decedent's injury — Beh requested to "be added to the list of [the decedent's] dependents and receive appropriate allocation of death benefits." She enclosed a copy of a December 2017 probate court order recognizing her as the decedent's common law spouse. The Carrier denied Beh's request, stating that "the status of the dependents is fixed by the statute at the date of injury," and because "[a]t the time of the injury, [Beh was] not recognized as the common law spouse of" the decedent, she could not "be added to the Allocation of Death Benefits."

[¶6] Beh challenged the Carrier's denial and requested a hearing before the DOL. Prior to the hearing, the Carrier moved to add RSA 281-A:21-a, the statute of limitations for filing a workers' compensation claim, as an issue. See RSA 281-A:21-a. At the DOL hearing, the Carrier clarified that it was no longer disputing that Beh was the decedent's common law spouse at the time of the injury, leaving the application of RSA 281-A:21-a as the sole issue for the DOL

2

to decide. The DOL ruled that a claim for the decedent's death benefits had been timely filed and that Beh's request for allocation of death benefits between dependents was "not a new and separate death benefit claim under RSA 281-A:26," and, therefore, her request was not barred by RSA 281-A:21-a.

[¶7] The Carrier appealed the DOL's decision to the CAB. The CAB held a de novo hearing. On March 30, 2023, the CAB issued a written decision denying Beh's request. The CAB concluded that Beh's request to be added to the list of dependents was barred by RSA 281-A:21-a because it "was a separate and additional [death benefits] claim from the original claim filed for [Beh's] and decedent's minor daughter" that was filed outside the time allowed by the statute of limitations. Beh filed a motion for rehearing, which the CAB denied. This appeal followed.

[¶8] We will not disturb the CAB's decision absent an error of law, or unless, by a clear preponderance of the evidence, we find it to be unjust or unreasonable. Appeal of Doody, 172 N.H. 802, 805 (2020); see RSA 541:13 (2021). The CAB's factual findings are prima facie lawful and reasonable. Doody, 172 N.H. at 805. We review the CAB's factual findings deferentially and will uphold them unless the evidence does not support them. Id. We review the CAB's legal rulings de novo. Id. Here, as the appealing party, Beh has the burden to show reversible error. See id. at 806.

[¶9] The question before us is whether the CAB erred when it construed RSA 281-A:21-a to require that every dependent of an employee suffering a work-related fatality must request allocation of death benefits within three years of the employee's injury, regardless of whether a timely workers' compensation claim for death benefits has previously been filed. RSA 281-A:21-a provides that:

> Compensation for disability, rehabilitation, medical benefits, or death benefits under this chapter shall be barred unless a claim is filed within 3 years after the date of injury; provided, however, that if the nature of the injury and its possible relationship to the employment are not known to the employee, the time for filing a claim shall not begin to run until the earlier of the following:
> . . . .
>
> II. In the event of death, the date any dependent knows, or by reasonable diligence should know, of the nature of the injury and its possible relationship to the employee's employment.

RSA 281-A:21-a (emphases added).

[¶10] The interpretation of a statute is a question of law, which we review de novo. In re Guardianship of D.E., 176 N.H. 284, 288 (2023). In

3

matters of statutory interpretation, we first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning.  Id.  We interpret the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include.  Id.  We construe all parts of a statute together to effectuate its overall purpose and to avoid an absurd or unjust result.  Id.  We do not consider words and phrases in isolation, but rather within the context of the statute as a whole, which enables us to better discern the legislature's intent in light of the policy or purpose sought to be advanced by the statutory scheme.  Id.  Absent an ambiguity, we will not look beyond the language of the statute.  Id.  We construe the Workers' Compensation Law liberally to give the broadest reasonable effect to its remedial purpose.  Doody, 172 N.H. at 805.  Thus, we resolve all doubts in statutory interpretation in favor of the injured worker.  Id.

[¶11] The decedent-employee's estate (the Estate) argues that reading RSA 281-A:21-a and RSA 281-A:26 together demonstrates that the timely filing of "a claim" for workers' compensation death benefits by "any [individual] dependent" entitles all dependents to benefits, regardless of whether other dependents request allocation of the benefits after the statute of limitations has run.  RSA 281-A:21-a.  The Carrier counters that the plain language of RSA 281-A:21-a bars Beh's request to be allocated death benefits because that request, which came outside the limitations period, was a new and separate claim for death benefits.  The Carrier also argues that the Estate's statutory interpretation improperly hinges on the use of the singular "a claim" in RSA 281-A:21-a.  We agree with the Estate.

[¶12] We have construed "claim" in the Workers' Compensation Law to mean "a demand for compensation, benefits or payment."  Petition of Markievitz, 135 N.H. 455, 457 (1992) (quotation omitted).  RSA 281-A:21-a states that "a claim" must be filed within "3 years after the date of injury."  RSA 281-A:21-a.  The fact that the legislature chose to use the singular form of claim in RSA 281-A:21-a demonstrates that filing a single claim within three years satisfies the statute.  Additionally, RSA 281-A:21-a, II provides that the three-year statute of limitations for death benefits begins to run "the date any dependent" has actual or constructive knowledge of the injury.  RSA 281-A:21-a, II (emphasis added).  The statute of limitations is not triggered when "the dependent" or "each dependent" knows of the injury; rather, for purposes of death benefits, the time limitation starts to run when any one dependent has knowledge of the injury.  See id.  RSA 281-A:26 in turn provides that "[i]f death results from an injury, weekly compensation shall be paid to the dependents of the deceased employee."  RSA 281-A:26 (emphasis added).  Contrary to the Carrier's assertions, we read these provisions together to mean that, as long as a timely claim for workers' compensation death benefits is filed by a dependent, RSA 281-A:26 mandates that death benefits be paid to any of the deceased employee's dependents who request an allocation of the benefits under an open

death benefits claim, regardless of whether that request is made within the limitations period.  See RSA 281-A:21-a, :26.

[¶13] Indeed, there is no language in RSA 281-A:21-a requiring that each of the deceased employee's dependents file separate claims within the statutory period.  See RSA 281-A:21-a.  If the legislature had intended to include such a requirement, it could have done so.  Additionally, our goal is to apply statutes in light of the legislature's intent in enacting them, and in light of the policy sought to be advanced by the entire statutory scheme.  Appeal of Hartford Ins. Co., 162 N.H. 91, 95 (2011).  Our construction of the Workers' Compensation Law gives the broadest reasonable effect to its remedial purpose — to protect those who were dependent upon an employee's wages that were diminished or lost due to a workplace injury.  See Doody, 172 N.H. at 805; Alonzi v. Northeast Generation Servs. Co., 156 N.H. 656, 667 (2008).  We decline the Carrier's invitation to construe the statute in a manner that would require each dependent to file a separate claim for death benefits within the statutory period.

[¶14] The Carrier nonetheless argues that we should not find in favor of the Estate here.  The Carrier asserts that our construction of the Workers' Compensation Law renders RSA 281-A:21-a meaningless and undermines the purpose of statutes of limitations because, under our construction, a carrier may not know the extent of its potential liability within the statutory period.  We are unpersuaded by the Carrier's arguments.

[¶15] The primary purpose of a statute of limitations is to ensure timely notice of possible liability and to eliminate stale or fraudulent claims.  See Perez v. Pike Inds., 153 N.H. 158, 160 (2005).  Our construction of RSA 281-A:21-a serves this purpose and does not render the statute of limitations meaningless because it requires that timely notice of a claim for death benefits be given by a qualifying dependent within the limitations period.  Additionally, allocating death benefits between dependents does not change the total amount of weekly compensation to be paid.  See RSA 281-A:26 (stating that amount of compensation paid to decedent's dependents is determined by the compensation schedule in RSA 281-A:28); RSA 281-A:28 (2023) (providing that compensation is set as a percentage of employee's average weekly wage).

[¶16] It is true that allocating a portion of the dependent benefits to a dependent outside the limitations period may extend the length of time during which a carrier must pay the weekly benefit.  See RSA 281-A:26, II-III, VI (providing that, unlike a child, a widow or widower does not age out of the benefit).  However, a carrier is not entitled by statute to know the full extent of its exposure under a workers' compensation claim within the limitations period.  Indeed, the very nature of the Workers' Compensation Law makes it common and foreseeable that a carrier will not know the full extent of its liability within the limitations period.  See RSA 281-A:23, I (2023) (requiring

employer to furnish injured employee with medical care "for such period as the nature of the injury may require"); RSA 281-A:48, I (2023) (allowing party to petition the commissioner to review the denial or award of benefits for disability up to four years after the denial of benefits or the last payment of an award).

[¶17] Nor would our statutory interpretation require a carrier to entertain stale or fraudulent claims. Because the statute requires that notice of a claim be given within the limitations period, the necessary documentation to establish a valid claim for death benefits — such as the decedent employee's death certificate, proof that the injury resulting in death "ar[ose] out of and in the course of employment," and the initial claimant's proof of qualifying dependency — will already have been gathered and evaluated. RSA 281-A:2, XI (defining compensable injury in Workers' Compensation Law); see also RSA 281-A:26 (providing for payment of dependent death benefits if the employee's "death results from an injury"). When an individual requests allocation from an open and active claim, the only evidence that a carrier must evaluate outside the limitations period is documentation demonstrating that the individual is a qualifying dependent. Marriage and birth certificates, court orders, adoption records, and similar documents are not the kind of evidence that becomes less probative or accessible with the passage of time. See City of Rochester v. Marcel A. Payeur, Inc., 169 N.H. 502, 508 (2016) (stating that public policy underlying statutes of limitations is, in part, to prevent trial of claims after "evidence disappears and memories fade with the passage of time" (quotation omitted)). The documentary evidence relevant to qualifying as a dependent is not likely to become stale and there is not the same risk of prejudice to a carrier as there would be if a carrier were required to defend against a new claim for benefits outside of the limitations period. See Perez, 153 N.H. at 160. Accordingly, our statutory construction does not render RSA 281-A:21-a meaningless, nor is it in tension with the public policy underlying statutes of limitations.

[¶18] Nonetheless, the Carrier asserts that our case law requires that we adopt its interpretation of RSA 281-A:21-a. The Carrier argues that our decisions in Diamond v. Employers' &c. Company, 97 N.H. 510 (1952), and Brown v. Hubert, 100 N.H. 194 (1956), stand for the proposition that each dependent's claim for death benefits is a personal right, which is separate and distinct from the claims of other dependents. The Carrier contends that this case law supports an interpretation of the statute under which each dependent is required to bring his or her own claim within three years of the deceased worker's injury. We disagree.

[¶19] Hubert and Diamond are inapposite. In Hubert, we held that a dependent spouse or child of a deceased employee has a right to compensation separate and distinct from that of the deceased employee. Hubert, 100 N.H. at 196. In Diamond, we held that a dependent's right to death benefits is personal in the sense that it expires upon the death of the dependent and does

6

not pass to the dependent's estate.  See Diamond, 97 N.H. at 511-12.  In neither case did we state that each dependent has a separate and distinct right of action from other dependents or discuss the timeliness of dependents' claims for benefits.  See Hubert, 100 N.H. at 196; Diamond, 97 N.H. at 511-12.

[¶20] Finally, we apply the law to the facts of this case.  Here, the May 15, 2017 letter from Beh to the Carrier — filed less than a year after the decedent's death — was a timely claim under RSA 281-A:21-a and RSA 281-A:26 for payment of death benefits to the decedent's daughter.  Therefore, a valid claim for benefits under RSA 281-A:26 was made and the subsequent request by Beh for allocation of benefits was not barred by the time limitation established by RSA 281-A:21-a.

[¶21] Accordingly, we reverse the CAB's ruling.  We hold that, provided that a timely claim for workers' compensation death benefits is filed by a dependent and the claim remains open, RSA 281-A:21-a does not bar subsequent requests for allocation of death benefits by qualifying dependents regardless of whether those requests are made within the statute of limitations period.  Because our holding on this issue is dispositive, we need not address the parties' remaining arguments.  See Antosz v. Allain, 163 N.H. 298, 302 (2012).

Reversed and remanded.

MACDONALD, C.J., and DONOVAN and COUNTWAY, JJ., concurred; HANTZ MARCONI, J., sat for oral argument but did not participate in the final vote.